118 So.2d 212 (1960)
STANDARD OIL COMPANY, Inc. in Kentucky, Canning Plant, Panama City, Florida, Petitioner,
v.
James P. GAY and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
February 12, 1960.
Rehearing Denied March 22, 1960.
*213 John S. Cox and Scott & Cox, Jacksonville, for petitioner.
Earl R. Duncan, Leo C. Jones, III, and Isler, Welch & Jones, Panama City, for James P. Gay.
Paul E. Speh, Tallahassee, for Florida Industrial Commission, respondents.
DREW, Justice.
Petitioner seeks review of an order of the full commission vacating and setting aside an order of the deputy commissioner denying the claim of the respondent Gay (claimant below).
Claimant, according to the uncontroverted facts, sustained a heart attack on November 3, 1958 while employed by Standard Oil Co. of Kentucky. On the morning of the aforementioned date, claimant began work at about 5:00 a.m. The job consisted of watching cases of oil, weighing about 48 pounds, being conveyed on a belt. Claimant's duty was to see that the cases containing quart cans of oil were properly filled, and in the event the cans were put in the cases cross wise or in some other unacceptable manner, he would lift the case off the belt, straighten the cans and lift the case back up on the belt for a continuance of its journey. During the course of his work on that particular morning, claimant felt a pain in his left shoulder area, but he continued to work until the pain became so great he could not continue. That morning the claimant had lifted from ten to fifteen cases from the belt, straightened cans and returned the cases to the belt. At the time Standard Oil Company, Inc. hired claimant, he was afflicted with arteriosclerosis. The pain experienced by the claimant at the time of his disability was diagnosed as angina pectoris.
The only question to be resolved is whether there is any competent substantial evidence which accords with logic and reason to sustain the deputy commissioner's finding that there is no causal connection between claimant's employment and his attack of angina pectoris which, it is conceded, is the pain resulting from arteriosclerotic heart disease and acute coronary insufficiency.
The full commission on review concluded claimant's disability was causally related to his employment and that the deputy commissioner's findings of fact were not supported by competent substantial evidence and that the order of the deputy commissioner did not accord with the essential requirements of the law within *214 the meaning of United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741.[1]
The deputy commissioner's order reveals that he had before him testimony of two medical witnesses, which was not contradicted by either lay or medical evidence, and from which proper reasonable deductions were not made.[2] All of the medical evidence was that the probable cause of the claimant's attack of angina pectoris was the result of exertion engaged in by the claimant on the morning of the attack. Obviously, then, the conclusion of the deputy commissioner to the contrary was against the manifest weight of that evidence and was, therefore, erroneous.[3]
Where an employer hires an employee inflicted with a disease, and the employee subsequently receives an injury under such circumstances that he might have appealed to the Workmen's Compensation Act (F.S.A. § 440.01 et seq.) for relief had there been no disease involved, and the injury aggravates or accelerates the progress of the disease materially contributing to hasten its culmination in disability, he is covered by the act.[4]
It is, of course, possible that the claimant could have sustained his attack of angina pectoris from exertion in other activities outside his employment. The record, however, does not reveal this to be the case. The only evidence on the point submitted was on the exertion during the course of the claimant's employment. The apparent assumption of the deputy commissioner that, because of nothing unusual occurring that morning, coupled with a *215 pain in claimant's left shoulder and arm before commencing work that morning, the injury was not compensable, cannot be considered as "competent and substantial evidence" as required by our decisions.
Where the testimony and evidence are uncontradicted, a finding contrary to the manifest weight of such testimony and evidence could not be said to be supported by competent substantial evidence.[5]
The petition for certiorari be and the same is hereby denied.
TERRELL and ROBERTS, JJ., and McCRARY, Circuit Judge, concur.
THOMAS, C.J., dissents.
NOTES
[1] At page 745. "* * * the full Commission should not reverse the findings of facts made by a deputy commissioner unless it is made to appear that those findings of facts are not sustained by competent, substantial evidence."
[2] The following is a part of the questioned order:

"Dr. M.F. Parker, the treating physician, testified that in his opinion the claimant definitely had pre-existing arteriosclerosis and he felt the closing of the heart arteries due to arteriosclerosis was the primary and underlying cause of his disease. The pain which claimant felt on November 3, was a symptom or manifestation of the disease termed angina pectoris, which most commonly follows exertion. He was of the further opinion that the claimant's condition of November 3rd could have been precipitated by almost any exertion due to the state of the pre-existing arteriosclerosis. The doctor testified that by December 18, 1958, the claimant's condition had returned to what it was prior to November 3, 1958, and he was asymptomatic. He felt he was able to return to work on that date, although it was recommended that he do light work and not work around moving machinery. The claimant was examined in February by Dr. R.C. Webb, a specialist in internal medicine, who was of the opinion that the claimant had made a full recovery from his episode and he had no syptoms of angina pectoris since November, 1958. He too felt claimant was fully capable of doing light work on a regular basis. Dr. Webb's diagnosis of acute coronary insufficiency due to arteriosclerotic heart disease coincided with that of Dr. Parker".
[3] An example of the testimony heard by the deputy commissioner, and later relied upon by the full commission to vacate and set aside said order, follows:

Question to Doctor Webb: "Doctor is it probable that the exertion necessary to lift several cases weighing approximately 48 pounds would be sufficient exertion to bring on an attack of angina pectoris?
Answer by Dr. Webb: "I should think certainly so."
Question to Dr. Parker: "So, in your opinion probably the exertion which he described to you was the precipitating factor of the angina pectoris?
Answer by Dr. Parker: "That's right."
[4] Davis v. Artley Construction Co., 1944, 154 Fla. 481, 18 So.2d 255. The Court also held in this case that the employer accepts the employee in such physical condition as he finds him and assumes the risk of a diseased condition aggravated by injury, compensation not being made to depend upon the condition of health of the employee, but for an injury which is the hazard of employment. Andrews v. C.B.S. Division, Maule Industries, Fla. 1960, 118 So.2d 206.
[5] Cf. Caranci v. Miami Glass & Engineering Co., Fla.App. 1957, 99 So.2d 252.