No. 22842.

LILLIE M. EVANS *v.* CITY AND COUNTY OF DENVER (A MUNICIPAL CORPORATION); STATE COMPENSATION INSURANCE FUND; AND INDUSTRIAL COMMISSION OF COLORADO.
(438 P.2d 698)

Decided March 25, 1968.

ROBERT LELAND JOHNSON, for plaintiff in error.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for defendants in error City and County of Denver (a municipal corporation) and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS is a writ of error brought by the widow of a deceased who died as a result of a heart attack which occurred in the course of his employment. The Industrial Commission denied compensation and its award was affirmed by the District Court.

The deceased was an employee of the City and County of Denver and worked for the Sanitary Services Department. He operated a Payloader or Scoopmobile and had worked a good deal of overtime during the period from June 16, 1965 to July 2, 1965 in clearing up debris from the flood which struck Denver in June of 1965.

He worked normal hours in the week July 2, 1965 to July 9, 1965. In the early afternoon of July 9, 1965, the deceased collapsed on the job and died because of a myocardial infarction. On the morning of July 9, 1965, the deceased had helped a laborer remove a piece of plywood from the accumulated debris so that the Scoopmobile could proceed with its work. Testimony from the laborer who worked with the deceased was that deceased would often help the laborer move debris by hand when the occasion required.

Medical testimony developed that the deceased had had a previous heart attack some ten years earlier. Two doctors testified in the case, and their testimony was in conflict concerning the causal connection between the deceased's activity in his employment and his death.

On the basis of the facts recited above, the Commission found the deceased's activities, while arduous, did not constitute "over-exertion" and that deceased's employment did not cause or contribute to his heart attack.

■■ In Colorado, we are committed to the doctrine that in order to render a "heart attack," incurred in the course of employment, compensable under the Workmen's Compensation Act, the claimant must show (1) "*over-exertion*" by the decedent, arising out of and in the course of his employment, and (2) that such "over-exertion" proximately caused the death. *Industrial Comm. v. Hesler*, 149 Colo. 592, 370 P.2d 428; *Huff v. Aetna Ins.*

*Co.,* 146 Colo. 63, 360 P.2d 667; *Industrial Comm. v. International Minerals & Chemical Corp.,* 132 Colo. 256, 287 P.2d 275. Such "over-exertion" must be more than the mere exertion attendant upon the usual and ordinary course of the employment. *Claimants of Bennett v. Durango Furniture Mart,* 136 Colo. 529, 319 P.2d 494.

Applying the foregoing rules to the evidence presented in this case, it becomes clear that the questions of "over-exertion" and causal connection were questions of fact to be decided by the triers of the facts. The medical evidence as to causal connection was in sharp conflict, and there is competent evidence from which the Commission could properly find that deceased's activities in his job were not such as to constitute "over-exertion." Upon this state of the record we are bound to the long established doctrine in Colorado that this Court may not set aside the findings of fact of the Commission and substitute its judgment for that of the Commission. See the long list of cases in the footnote following C.R.S. 1963, 81-14-12.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.