No. 23088.

INDUSTRIAL COMMISSION OF COLORADO, RED BALL MOTOR FREIGHT, INC., AND TRANSPORT INSURANCE COMPANY *v.* CONAL P. RILEY.

(441 P.2d 3)

Decided May 20, 1968.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

H. MYERS BUMGARDNER, for plaintiffs in error, Red Ball Motor Freight, Inc. and Transport Insurance Company.

MARGARET R. BATES, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error is directed to an order of the District Court of Arapahoe County reversing a final order of the Industrial Commission which denied compensation to defendant in error.

The parties will be referred to as follows: The Industrial Commission as the Commission; Red Ball Motor Freight, Inc. as employer; Transport Insurance Company as insurer, and Conal P. Riley as claimant, or Riley.

The facts are largely undisputed. Riley, a truck driver, suffered a subarachnoid hemorrhage due to rupture of an aneurysm of the right middle cerebral artery, while

unloading freight in Lamar, Colorado, on December 18, 1963. He had left Pueblo shortly before midnight the night before, his truck loaded with 19,069 pounds of freight. At various stops along the way, he unloaded more than 11,000 pounds of this freight himself, and arrived in Lamar at approximately 4:00 A.M. with 7,971, or possibly 9,209, pounds left in the truck. He customarily made the Pueblo-Lamar run five nights a week, and there was nothing unusual about the amount of freight carried on the night in question.

Working alone, Riley unloaded about half the remaining freight at the Lamar dock when he felt dizzy and became unconscious. A doctor in Lamar tentatively diagnosed his condition as carbon monoxide poisoning. After his return to Pueblo, his condition became worse and tests revealed the brain aneurysm. Two brain operations were performed on December 26 and 29, 1963. At the time of the hearing, Riley was partially paralyzed and completely incompetent.

After finding the facts substantially as stated above, the referee entered an order denying and dismissing Riley's claim for compensation and medical benefits. The denial of compensation appears to be based solely on the referee's finding "that there is no evidence that the claimant exercised maximum exertion prior to his attack or that in the course of his work he was subject to any overexertion which might be said to constitute accidental overexertion." The Commission affirmed and adopted the findings and order of the referee.

Claimant filed a complaint in the district court, seeking review of the Commission's order. That court held that the referee was in error in requiring the claimant to show overexertion in order to entitle him to compensation, and that "under the law applicable to the undisputed evidence, plaintiff was entitled to expenses and compensation." The case was remanded to the Commission with instructions to enter "appropriate awards." Although the trial court was correct in holding that no

showing of overexertion was required under the facts of this case, we do not agree that the claimant here was entitled to compensation as a matter of law. We therefore reverse.

The Commission, the employer and the insurer are here contending that the court erred in reversing the Commission because (1) there was no proof of overexertion, and (2) claimant did not sustain his burden of proving a causal connection between his employment and the injury.

I.

In support of the referee's findings concerning overexertion, plaintiffs in error have cited only cases dealing with heart ailments. In heart cases, this Court generally has required the claimant to prove more than the mere exertion attendant upon the usual and ordinary course of employment, in order to show a causal connection between the employment and death or disability. *E.g., Evans v. City & County of Denver,* 165 Colo. 311, 438 P.2d 698; *Industrial Commission v. International Minerals & Chemical Corp.,* 132 Colo. 256, 287 P.2d 275. No such requirement exists, however, in the case of a rupture of a brain aneurysm. 1A A. Larson, Workmen's Compensation Law § 38.20 (1967).

In such cases, the general rule applies. In order to establish a compensable injury arising from an industrial "accident," the claimant must show *either* (1) an unexpected incident or event during the course of his work resulting in injury, *or* (2) *injury as the unexpected result of the claimant's normal activities in his employment.* In either case, the injury must arise from an occurrence traceable to a definite time, place and cause. *Industrial Commission v. Milka,* 159 Colo. 114, 410 P.2d 181; *Carroll v. Industrial Commission,* 69 Colo. 473, 195 P. 1097.

On the facts disclosed here, it was not necessary for the claimant to show that there was anything out of the ordinary about his activities, so long as he established

a reasonable probability that these activities caused his injuries. The trial court was correct in holding that the Commission and the referee were in error when they denied compensation on the ground that no overexertion had been proved.

II.

Although the referee here made some attempt to summarize the medical testimony, because of his disposition of the claim on the ground of failure to show overexertion, no specific finding was made as to whether the claimant's activity in his employment caused the injury.

The district court, on the other hand, quoted at length from the testimony of the sole medical witness concerning the medical causes of rupture of an aneurysm, which included an increase in intracranial blood pressure as such a cause. The doctor so testifying also pointed out that vigorous activity is one of the common causes of an increase in intracranial blood pressure.

It is true that the doctor would not give an unqualified opinion that the claimant's rupture occurred because of his activity on the night in question, but this in itself does not bar the Commission from finding that the claimant's activity caused the rupture. Whether this injury was caused by the claimant's activities in connection with his employment was the ultimate question of fact to be determined by the trier of fact. All that was necessary to sustain a finding of causation was for the claimant to show circumstances indicating with reasonable probability that the injury resulted from or was precipitated by his activities. *Industrial Commission v. Havens,* 136 Colo. 111, 314 P.2d 698. Nor was it necessary for the claimant to present medical opinion to establish causation. This Court has many times sustained Commission findings of causation where the testimony indicated that the medical causes of an injury remained shrouded in mystery, when the evidence as a whole was sufficient to justify the Commission's legal conclusion that the injury was caused by the employment. *E.g.,*

*Martin Marietta Corp. v. Faulk,* 158 Colo. 441, 407 P.2d 348; *Industrial Commission v. Corwin Hospital,* 126 Colo. 358, 250 P.2d 135; *Canon Reliance Coal Co. v. Industrial Commission,* 72 Colo. 477, 211 P. 868.

■ The trial court's analysis of the medical evidence demonstrates that there is ample evidence here to support a Commission finding of causation, if such a finding had been made. We do not believe, however, that this evidence is so overwhelming as to justify a holding that causation was established as a matter of law. The Commission, having made no finding as to causation, should be given the opportunity of making this determination of fact, under the rules of law enunciated here.

The judgment of the trial court is reversed and the cause remanded with directions to remand to the Commission for its determination on the issue of causation.

MR. JUSTICE DAY concurring in the result.

MR. JUSTICE GROVES not participating.