## No. 22551.

CITY AND COUNTY OF DENVER, POLICE DEPARTMENT, AND STATE COMPENSATION INSURANCE FUND *v.* DOUGLAS L. PHILLIPS, SR., AND INDUSTRIAL COMMISSION OF COLORADO.

## No. 22552.

STATE COMPENSATION INSURANCE FUND, INDUSTRIAL COMMISSION OF COLORADO, AND CITY AND COUNTY OF DENVER, POLICE DEPARTMENT *v.* DOUGLAS L. PHILLIPS, SR.

(443 P.2d 379)

Decided July 15, 1968.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON

SMITH, JR., for plaintiff in error City and County of Denver, Police Department, and State Compensation Insurance Fund.

L. F. BUTLER, for defendant in error Douglas L. Phillips, Sr.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THIS is a "heart" case and the two separate writs of error relate to an award of the Industrial Commission arising out of the claim of a Denver policeman for workmen's compensation benefits.

Douglas L. Phillips, hereinafter referred to as the employee, suffered a heart attack while on duty as a member of the Denver Police Department on December 16, 1958. He was shortly thereafter taken to the hospital and he remained off work for approximately four weeks. The employee then returned to his employment on a part-time basis for about two weeks, at which time because of the aforementioned heart attack he was again forced to leave work for about one month. He then returned to work, but again on a part-time basis only.

The employee filed his claim with the Commission on July 8, 1959, some six months and twenty-two days subsequent to the date of the aforementioned heart attack. The Fund thereafter filed a notice of contest, and the claim was then set for hearing before the referee.

After hearing, the referee found that the employee had sustained an injury in an accident arising out of and in the course of his employment and awarded compensation for temporary total disability and medical benefits.

Determination of any permanent partial disability benefit was deferred until a later date.

In apt time the Fund filed a petition for review and the Commission thereafter on its review of the matter set aside the order theretofore made by the referee and entered an order denying the claim. Specifically, the Commission found that the employee "sustained no accident arising out of and in the course of his employment on December 16, 1958."

Thereafter the employee sought judicial review of the Commission's order denying his claim for compensation benefits. The trial court upon hearing found "that the record of the Commission is inadequate in that it does not appear that the Commission has had an ample opportunity to hear and determine all the issues raised in the action" and accordingly remanded the matter to the Commission for further hearings "upon all issues appearing in this case." Just what additional issues were to be heard does not appear from the order of remand entered by the trial court.

In any event, shortly before a further hearing was about to be held by the referee, the Fund filed a motion to dismiss based upon the so-called six months statute, then appearing as C.R.S. '53, 81-13-5. After the matter was reheard, the referee on April 19, 1963 entered an order denying the employee's claim for benefits. In this order the referee specifically found, as he had before, that the employee had in fact sustained on December 16, 1958 an injury arising out of and in the course of his employment. However, the referee then went on to find that the claim was barred by the six month statute. In this regard, the referee stated that though the employee had indeed presented a "reasonable excuse" for not filing his claim within six months after the accident, his "reasonable excuse" was nevertheless not a "legal excuse." Therefore, it was on this ground only that the claim was denied.

Thereafter both the employee and the Fund filed peti-

tions for review of the referee's supplemental findings and order. The Commission denied these petitions for review and approved and adopted as its own the referee's order of April 19, 1965.

Thereafter, by separate actions brought in the Denver District court both the employee and the Fund sought review of the Commission's order. The Fund complained about that part of the order which held that the employee had sustained an industrial accident which but for the late filing would have entitled him to benefits. The employee in turn complained about that portion of the Commission's order which found that his claim was barred by C.R.S. '53, 81-13-5, because his excuse, though "reasonable," was not a "reasonable and legal excuse."

These two actions were consolidated for hearing before the trial court. After hearing the trial court found, in effect, that there was evidence to sustain the Commission's finding that the employee had sustained injury in an industrial accident. However, the trial court held that the further finding of the Commission that the employee had failed to present both a reasonable and legal excuse was erroneous. Accordingly, the trial court entered appropriate judgments in each action directing the Commission to grant the employee's claim for compensation benefits. By these two writs of error, then, the Fund now seeks reversal of the judgments thus entered.

I.

It is first urged by the Fund that the referee's order of April 19, 1963 became a "final" award because of the employee's failure to file a petition for review within the time provided by C.R.S. 1963, 81-14-6 (3). The portion of that statute pertinent to the present discussion reads as follows:

" . . . Such petition must be filed within fifteen days of any referee's order or award of the Commission unless further time is *granted* by the referee or the Commission within said fifteen days, and unless so filed,

said order or award shall be final. . . ." (Emphasis added.)

As noted, the referee's order which formed the basis for the subsequent award of the Commission was entered on April 19, 1963. Within fifteen days thereafter both the employee and the Fund filed with the Commission a request that the time to file a petition for review be extended beyond the fifteen days provided by statute. Each of these requests was *granted* by the referee before the expiration of fifteen days from the date of the referee's order. In each instance counsel was granted fifteen days from and after the date he was supplied with the transcript to file his petition for review of the referee's order.

The record indicates that the transcript was given counsel on June 25, 1963, and therefore under the prior order each had to and through July 10, 1963 to file his petition for review. On July 9, 1963 counsel for the employee filed with the Commission a request for additional time within which to file a petition for review and the Fund was served on that same date with a copy of said notice. This request was granted, but not until July 16, 1963. So, the position of the Fund in this regard is that because the Commission did not actually *grant* additional time *before* the extended time within which to file a petition for review had expired, namely July 10, 1963, the award became "final" even though counsel for the employee had formally requested additional time before July 10, 1963. In this urging reliance is placed on the aforementioned statute and various cases interpreting the statute. See, *e.g., Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282.

■ In our view of the matter, the statute does not specifically cover the precise situation before us. The statute provides that an order of a referee shall become final unless within fifteen days thereafter a petition for review is filed *or* within said fifteen days further time is granted by the referee. In the instant case further

time was *granted* by the referee *within* fifteen days after the date when the order was entered. The statute does not require that a subsequent granting of additional time must also be *sought* and *obtained* prior to the expiration of the extended time within which to file the petition for review. And we are disinclined to judicially establish such a strict rule of procedure where, as here, the request for additional time was filed before the expiration of the extended time theretofore granted by the referee. As applied to the instant case, it would seem to us to be a bit unfair to hold that even though the employee formally requested additional time within the extended time he had theretofore been granted to file his petition for review he nonetheless forfeited his right to review because the Commission did not actually grant his request till several days after the extended time had expired. In any event, the statute relied on doesn't require the rather drastic result now urged on us by counsel for the Fund and our holding is in line with the reasoning contained in *Mascitelli v. Giuliano & Sons Coal Company,* 157 Colo. 240, 402 P.2d 192.

II.

The Fund next contends that the trial court erred in overruling the Commission's determination that though the employee presented a "reasonable excuse" for the late filing of some 22 days, the "reasonable excuse" was not a "legal excuse" and therefore did not meet the requirements of C.R.S. '53, 81-13-5. That statute, before amendment, provided that a claim for compensation benefits shall be filed within six months after the injury, with the provision that said limitation should not apply "where it has been established to the satisfaction of the Commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby. . . ." The referee found that the employer's rights in the instant case were not prejudiced by the late filing, and he further found that

the employee offered a reasonable excuse for the late filing of his claim. However, the referee nonetheless denied the claim for the reason that he did not deem the "reasonable" excuse thus offered to be a "legal" excuse.

Upon hearing before the referee the employee testified that the reason he delayed filing his claim was that "because of the nature of my condition I didn't know that it would come under compensation at that time." He also testified that he reported the injury to his superior officer at the time of its occurrence, and that he was advised by his superior that it would do "no good" to file a claim. Employee stated that he followed this advice of his superior and did not file any claim at that time. He testified, however, that later on he learned that a fellow officer was granted an award "on the same condition." It was then that he determined to file, and did file, his claim, after again consulting and this time obtaining the consent of his superior officer.

In determining that the excuse was a "reasonable" one, though not a "legal" one, the referee found that "claimant's reliance upon advice of his superior officer given immediately after his congestive heart failure was discovered while of the quality of being a reasonable exercise of judgment, fails to be of a legal quality since every person is conclusively presumed to know the law and to promptly exercise legal rights in conformance therewith."

The statute permits the filing of a claim more than six months after the injury, but within two years thereof, if the Commission is satisfied that a "reasonable excuse" exists for the failure to file within six months after the injury. The statute makes no requirement that the reasonable excuse be one that is legally watertight. However, the concept that a reasonable excuse must be one which is also legally sound was mentioned in *Armour & Company v. Industrial Commission,* 149 Colo. 251, 368 P.2d 798.

In *Armour* we said that "[N]ot all reasons constitute

legally justifiable excuses within the purview of C.R.S. '53, 81-13-5." In that case we held that the mere fact that the claimant simply did not want to have an x-ray taken of her wrist, which x-ray if taken would have disclosed the nature of her disability, was not a reasonable excuse for a late filing of her claim.

■ Our examination of the record convinces us that there is evidence to support the referee's conclusion that the employee presented a reasonable excuse for his late filing. However, under the circumstances the referee erred in going further and holding that the excuse though reasonable was not legally sufficient. Hence, the trial court properly ruled that under the circumstances the employee's claim was not barred by C.R.S. '53, 83-13-5. See *State Fund v. Stampfel,* 153 Colo. 448, 386 P.2d 582.

## III.

Finally, the Fund contends that it was error for the Commission to determine that claimant's congestive heart failure sustained on December 16, 1958 was "of sufficient quality to constitute an accident arising out of and in the course of his employment." It is pointed out that the referee never did use the word "overexertion" in either his original order or in his supplemental order entered after remand of the matter from the trial court.

At the several hearings of this matter it was established that the employee in the course and scope of his employment ran up three flights of stairs, taking the steps "two at a time," and almost immediately thereafter experienced the symptoms of congestive heart failure. The employee also recounted the degree of energy and physical force used by him earlier in the same day in connection with his ousting a belligerent patron from a bar. Certainly then the record does contain evidence of excessive and unusual physical exertion by the employee in the course of his employment and immediately preceding his heart failure. The employee admittedly had

pre-existing physical infirmities, but they were non-disabling and did not prevent him from discharging his duties as a police officer. And there was testimony, both lay and medical in nature, which linked his congestive heart failure of December 19, 1958 to his unusual exertion on that same day.

█ █ In this setting the mere failure of the referee to use the word "overexertion" does not vitiate his over-all determination that this was a compensable injury, particularly where, as here, the referee did find, and describe in some detail, the specific acts of unusual exertion by the employee immediately preceding the injury. The finding by the referee that the employee performed certain acts which by their very nature necessarily involved the expenditure of unusual exertion under the circumstances equated to a finding of overexertion. And, as indicated, the record does contain sufficient evidence of over-exertion to support the Commission's ultimate finding that this was an injury occurring as a result of an industrial accident.

The judgment is affirmed.

MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.