## No. 22586.

INDUSTRIAL COMMISSION OF COLORADO, LABCO CONSTRUCTION COMPANY, AND STATE CMPENSATION INSURANCE FUND *v.* VENETA I. BYSOM (CLAIMANT IN THE MATTER OF THE DEATH OF RALPH W. BYSOM).

(444 P.2d 627)

Decided September 3, 1968.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,. Deputy, PETER L. DYE, Assistant, ALIOUS ROCKETT,.

Francis L. Bury, Feay Burton Smith, Jr., for plaintiffs in error.

Kripke, Hoffman & Friedman and Thomas L. Ford, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This is a workmen's compensation case involving two heart attacks suffered by claimant's husband. The second heart attack which occurred during convalescence was fatal. The Industrial Commission denied compensation for both and on review, this denial was reversed by the trial court which ordered the Commission to compensate the claimant, who is the widow of the deceased employee. From this reversal, the Commission brings this writ of error.

On July 11, 1963, the claimant's husband sustained an occlusion of the right coronary artery causing a myocardial infarction. This heart attack occurred while claimant's husband was helping to move two 1,000-pound safes in the course of his employment as a carpenter. On September 30, 1963, without having returned to work because of his convalescence, the claimant's husband sustained a second and fatal coronary occlusion while at his home. The second heart attack involved the left coronary artery. The autopsy report discloses that the decedent's entire heart had developed coronary artery disease, with the left ventricle showing recent myocardial infarction, whereas, the right ventricle showed an old myocardial infarction.

The Commission found that: (1) the first coronary occlusion was not compensable because it was neither an "accident" nor an "injury" within the meaning of C.R.S. 1963, 81-2-9 (1) (2); and (2) the second and fatal heart attack was not proximately caused by the events

of July 11, 1963 nor by any other work connected incident. With reference to its first finding, the Commission overruled the referee who had found from the evidence that the first heart attack on July 11, 1963 was an accident and that the injury was compensable. In reversing the Commission, the trial court found both coronary occlusions to be compensable, and entered its judgment to that effect.

■ The record before us reflects that the Attorney General on behalf of the Commission concedes in effect the first heart attack is compensable and that the Commission misapprehended the meaning of C.R.S. 1963, 81-2-9(1) which defines "accident." This definition was an amendment to the Workmen's Compensation Act passed during the 1963 session of our legislature and this amendment was the basis for the misapprehension. In *Industrial Commission v. Milka*, 159 Colo. 114, 410 P.2d 181, announced after the date of the Commission's order, this court held that the amendment did not alter our prior pronouncements interpreting the word "accident" as meaning an unexpected incident or event during the course of the employee's work from which an injury flows, which injury is the unexpected result of an employee's normal activities. *Keating v. Industrial Commission*, 105 Colo. 155, 95 P.2d 821; *Central Surety & Insurance Corporation v. Industrial Commission*, 84 Colo. 481, 271 P. 617; *Carroll v. Industrial Commission*, 69 Colo. 473, 195 P. 1097, 19 A.L.R. 107.

■■ Where the Commission has misconstrued or misapplied the law, the courts are in no way bound by its decision. *Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274. In our view, this record supports the referee's finding that the first heart attack suffered by claimant's husband involved an accident and resulted in a compensable injury. The trial court, therefore, properly reversed that part of the Commission's order which denied compensation for the first heart attack.

■ As to the second and fatal heart attack, we have

examined all of the expert medical testimony and hold that there is sufficient probative evidence in the record before the Commission to sustain the denial of compensation for the second heart attack, based on the finding that the second heart attack was not proximately caused by the deceased's accident of July 11, 1963 nor by any other work connected incident.

In his testimony before the referee, Dr. Bradford, one of the cardiologists called as a witness, in answer to the referee's question involving relationship between the first and second heart attacks stated:

"Yes, sir. To me this is the crux of the whole matter from a medical standpoint. A man does not have a coronary occlusion after another coronary occlusion because the first artery was occluded. He has it because he has severe coronary involvement in both of these arteries to begin with. To state it differently, a man doesn't have a myocardial infarction the second time because he had one the first time. He has it because he has severe coronary artery disease in several places. So the one heart attack doesn't cause another."

It is claimant's contention that the above and other testimony of Dr. Bradford in this regard has no probative value and should be disregarded because it was based upon the assumption that the disease of arteriosclerosis was severe, whereas, the autopsy protocol used the words "moderate," "mild," and "significant" with reference to the presence of this disease in the deceased. However, as we view all of Dr. Bradford's testimony, it is obvious that his opinion as to the severity of the disease was based on all factors in the autopsy protocol as applicable to the critical areas, namely, the coronary arteries. This was his opinion and was not based on an erroneous assumption. This was competent testimony and was entitled to consideration by the Commission.

The impact of this and other testimony by Dr. Bradford was that the second heart attack was not caused by the work related incident of July 11, 1963 when a

myocardial infarction caused by an occlusion of the right coronary artery occurred.

There is conflict in the medical testimony as to the relationship between the first and second heart attacks; however, where there is competent evidence supporting the Commission's finding that the second heart attack was not proximately caused by the first heart attack, this finding may not be disturbed on review by the trial court. *Breit v. Industrial Commission,* 160 Colo. 205, 415 P.2d 858.

The trial court erred when it reversed the order of the Commission which had found the second heart attack was not compensable.

That part of the trial court's judgment reversing the Commission's order on the first heart attack is affirmed; however, as to the second heart attack, the trial court's judgment is reversed. The cause is remanded with directions to remand to the Industrial Commission for entry of an award of compensation to which the claimant may be entitled to as the result of the July 11, 1963 heart attack suffered by her deceased husband.

MR. JUSTICE DAY not participating.