No. 23985.

Rhoda Jasinski *v.* Ginley-Soper Construction Company, a Colorado corporation, State Compensation Insurance Fund, and Industrial Commission of Colorado, a body politic organized and existing under the laws of the State of Colorado.

(458 P.2d 754)

Decided September 22, 1969.

LANSFORD F. BUTLER, for plaintiff in error.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for defendants in error Ginley-Soper Construction Company and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error is brought by Rhoda Jasinski, widow of Bert Jasinski, who died during the course of his employment on August 4, 1964. The Industrial Commission denied compensation and was affirmed by the district court.

The deceased was employed in December of 1961 by Ginley-Soper Construction Company, as a common laborer. One of his usual duties was to operate a dirt-tamping machine which weighed 65 to 75 pounds, the

purpose of which was to compress soil in connection with construction work. He had operated this machine on many occasions whenever the progress of construction work required it. His last use of the machine prior to the date of his death was on June 3, 1964.

On August 4, 1964, the day of Jasinski's death, he had worked the usual eight-hour day, about half of which involved the use of the dirt tamper. At approximately 4:30 p.m. at the conclusion of the day's work, Jasinski lifted the machine and started to carry it up a short flight of stairs to store it in a trailer, when he suddenly collapsed and died.

The medical evidence and autopsy report indicated that death resulted from an acute myocardial infarction and coronary occlusion. The medical evidence further indicated the deceased had been suffering from coronary arteriosclerosis for a considerable period of time. The commencement or onset of the heart attack occurred sometime during the period from eight to twenty-four hours prior to the time of Jasinski's death. The heart condition was asymptomatic and unknown to both the deceased and his employer.

The referee found the death to be caused by a compensable industrial accident. Upon review, the Commission found there was no conflict in the facts and that the death did not result from an accident arising out of the deceased's employment. Specifically, the Commission found:

"That Bert Jasinski worked a full day with the heart attack in progress, at his normal job of laborer performing his usual duties in his usual competent fashion. ;

"That there was on August 4, 1964, no trauma to the physical person of Mr. Jasinski or exertion or exertions beyond those normally required of him in performance of his job which could be termed 'accident' or 'over exertion' as a matter of law.

"That at approximately 4:30 P.M. on August 4, 1964, while carrying a 65 to 75 pound tamping machine up a

short flight of portable steps to place it in the back of a truck Bert Jasinski collapsed and died.

"That the cause of the final stoppage of Bert Jasinski's failing heart was the exertions he encountered in carrying the aforementioned tamper up these steps.

"That the carrying of the tamper up these steps at this time, was not an exertion unusual to Mr. Jasinski's usual employment and did not represent overexertion in that sense."

The referee's findings and order were vacated and the widow's claim was denied.

 We are asked to reverse the district court. Plaintiff in error argues that the district court erred in affirming the Industrial Commission which found that Jasinski's death did not result from an accident arising out of his employment. We do not agree.

As stated in *Evans v. City and County of Denver,* 165 Colo. 311, 438 P.2d 698, Colorado is committed to the doctrine that in order to render a heart attack occurring during the course of employment compensable under the Workmen's Compensation act, the claimant must prove "overexertion" by the deceased, arising out of and in the course of his employment, and that such overexertion proximately caused the death. See also: *Blood v. Industrial Commission,* 165 Colo. 532, 440 P.2d 775; *Industrial Commission v. Hesler,* 149 Colo. 592, 370 P.2d 428; *Huff v. Aetna Insurance Company,* 146 Colo. 63, 360 P.2d 667; *Industrial Commission of Colorado v. International Minerals & Chemical Corp.,* 132 Colo. 256, 287 P.2d 275.

 From the undisputed evidence the Commission found no "over-exertion" in this case, the finding of which is essential to the conclusion that an industrial accident occurred. Under the state of the evidence, where reasonable men fairly considering it might honestly arrive at different conclusions, the findings of the Commission in resolution thereof are binding upon this court. *Industrial Commission of Colorado v. Peterson,* 151 Colo. 289, 377 P.2d 542; *Claimants of Bennett v. Durango Fur-*

*niture Mart,* 136 Colo. 529, 319 P.2d 494; *Hamilton v. Industrial Commission,* 132 Colo. 408, 289 P.2d 639; *Industrial Commission v. Day,* 107 Colo. 332, 111 P.2d 1061.

The judgment is affirmed.

Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.