No. 24275.

T & T LOVELAND CHINCHILLA RANCH, EMPLOYER, THE
TRAVELERS INSURANCE COMPANY, INSURER, AND THE IN-
DUSTRIAL COMMISSION OF COLORADO *v.* MARGARET B.
BOURN, AS THE WIDOW OF BYRON BOURN, AND LYNN MAREE
BOURN, THE MINOR DAUGHTER OF BYRON BOURN, DECEASED,
BY HER MOTHER AND NEXT FRIEND, MARGARET B. BOURN;
CLAIMANTS IN THE MATTER OF THE DEATH OF BYRON BOURN.

(477 P.2d 457)

Decided December 7, 1970.     Rehearing denied December 28, 1970.

WOOD, RIS & HAMES, F. MICHAEL LUDWIG, for plaintiffs
in error T & T Loveland Chinchilla Ranch and The Trav-
elers Insurance Company.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for plaintiff in error The Industrial Commission of Colorado.

HILL and HILL, ALDEN T. HILL, for defendants in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS involves a writ of error addressed to a district court judgment which reversed a denial of a compensation award by the Industrial Commission. Our disposition of this matter results from a different interpretation of the statutory definitions of "accident" and "injury" as applied to heart attack cases than that employed by the commission and the court.

The plaintiffs in error are the T & T Loveland Chinchilla Ranch (the employer), the employer's insurer and the commission. The defendants in error are the claimants, being the widow and minor child of Byron Bourn.

Mr. Bourn, age 41 at his death, was employed by T & T as foreman of its chinchilla raising facility near Loveland, Colorado. Bourn had been in T & T's employ for about four months, the first two months as a ranch hand and the remainder of the time as foreman. As supplies of hay used in the ranch's operations were low, Mr. Bourn and the ranch manager drove to a hay company. They there purchased 54 bales of hay, which involved some selection, inspection, and moving of hay bales. They separated the 54 selected bales into three separate loads to be transported back to the chinchilla ranch. Bourn and the manager loaded the first stack of 18 bales into their truck. Each bale weighed 60 to 70 pounds.

They proceeded back to the chinchilla ranch. Upon arriving at the ranch Bourn complained of pains in his chest and arm, and witnesses noticed that he was perspiring and appeared pale. He was driven to his home,

and shortly thereafter taken to a hospital. Tests taken at the hospital indicated a coronary occlusion. He died four days later.

A claim for compensation was filed with the commission and, after hearings, was denied. The commission predicated its conclusion upon its findings that "the decedent's normal duties included handling bales of hay and sacks of feed of comparable weight," and that "the decedent did nothing out of the ordinary or unusual to him or his employment."

The court found that Bourn died as a result of "unusual and over-exertion while handling hay"; that handling of the hay was not normal or usual in Bourn's employment; and that "the uncontradicted evidence properly received in this case supports the claim of plaintiffs . . . ." The court then ordered that death benefits be awarded for an injury arising out of and in the course of the employment. While the matter now becomes academic, we think there was evidence to support the commission's findings.

Prior to the enactment in 1963 of C.R.S. 1963, 81-2-9, there were no definitions of the terms "accident" and "injury" in Colorado's workmen's compensation statutes. Our opinions firmly established that in order for a heart attack to be compensable it must have been the result of overexertion during the course of the employment. *Jasinski v. Ginley-Soper Const. Co.*, 170 Colo. 52, 458 P.2d 754 (1969); *Industrial Comm. v. Bysom*, 166 Colo. 502, 444 P.2d 627 (1968); *Denver v. Phillips*, 166 Colo. 312, 443 P.2d 379; *Blood v. Industrial Comm.*, 165 Colo. 532, 440 P.2d 775 (1968); *Evans v. Denver*, 165 Colo. 311, 438 P.2d 698 (1968); *Baca County School Dist. v. Brown*, 156 Colo. 562, 400 P.2d 663 (1965); *Industrial Comm. v. Hesler*, 149 Colo. 592, 370 P.2d 428 (1962); *Huff v. Aetna Insurance Co.*, 146 Colo. 63, 360 P.2d 667 (1961); *Bennett v. Durango Furniture Mart*, 136 Colo. 529, 319 P.2d 494 (1957); *Industrial Comm. v. Havens*, 136 Colo. 111, 314 P.2d 698 (1957); *Industrial Comm. v. International Min-*

*erals and Chem. Corp.,* 132 Colo. 256, 287 P.2d 275 (1955); *Peter Kiewit Sons' Co. v. Industrial Comm.,* 124 Colo. 217, 236 P.2d 296 (1951); *Black Forest Fox Ranch, Inc. v. Garrett,* 110 Colo. 323, 134 P.2d 332 (1943); *Industrial Comm. v. McKenna,* 106 Colo. 323, 104 P.2d 458 (1940); *Industrial Comm. v. Wetz,* 100 Colo. 161, 66 P.2d 812 (1937); *U. S. Fidelity & Guaranty Co. v. Industrial Comm.,* 96 Colo. 571, 45 P.2d 895 (1935); and *Ellerman v. Industrial Comm.,* 73 Colo. 20, 213 P. 120 (1923).

The 1963 enactment provided as follows:

"81-2-9. Definitions. — (1) The term 'accident' as used in this chapter shall mean and include one or more determinate act or acts of a traumatic nature, which caused an injury.

"(2) The term 'injury' or 'injuries' as used in this chapter shall mean and include only trauma to the physical structure of the body and such disease or infection as naturally results therefrom. The terms shall not be construed to include disability or death due to natural causes occuring while the employee is at work or occupational diseases including but not limited to the occupational diseases covered by chapter 81, article 18, Colorado Revised Statutes 1963."

*Industrial Commission v. Bysom,* 166 Colo. 502, 444 P.2d 627 (1968) and *Industrial Commission v. Milka,* 159 Colo. 114, 410 P.2d 181 (1966), held that the definitions thus placed in the law did not change the "overexertion" rule. In 1965 the General Assembly made substantial changes in the wording of these definitions, as follows:

"(1) The term 'accident,' as used in this chapter, shall mean an unforseen event, occurring without the will or design of the person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; or the effect of an unknown cause, or, the cause being known, an unprecedented consequence of it.

"(2) The terms 'injury' or 'injuries,' as used in this chapter, shall not be construed to include disability or death due to occupational diseases including, but not

limited to, the occupational diseases covered by article 18 of chapter 81, C.R.S. 1963." 1965 Perm. Supp., C.R.S. 1963, 81-2-9.

The claimants contend that the 1965 amendment eliminates the necessity of overexertion as a cause of the heart condition. The defendants in error respond to the argument by calling attention to the fact that *Evans v. Denver*, 165 Colo. 311, 438 P.2d 698 (1968), involved overtime work and subsequent death by reason of myocardial infarction, all of which occurred subsequent to the effective date of the 1965 amendment. They further draw attention to *Jasinski v. Ginley-Soper Const. Co.*, 170 Colo. 52, 458 P.2d 754 (1969), which stated that the claimant must prove overexertion and cited *Evans* as authority.

*Jasinski* involved a death occurring on August 4, 1964, prior to the adoption of the 1965 amendment. It cannot, therefore, bear upon the interpretation of the 1965 amendment.

In *Evans* the commission found that the deceased's activities did not constitute overexertion and that his "employment did not cause or contribute to his heart attack." The following statement was made in the opinion: "In Colorado, we are committed to the doctrine that in order to render a 'heart attack,' incurred in the course of employment, compensable under the Workmen's Compensation Act, the claimant must show (1) *'over-exertion'* by the decedent, arising out of and in the course of his employment, and (2) that such 'over-exertion' proximately caused the death. [Cases cited] Such 'over-exertion' must be more than the mere exertion attendant upon the usual and ordinary course of the employment." The opinion then states that the questions of overexertion and causal connection were questions of fact to be decided by the commission and that there was competent evidence to support the commission's finding. The judgment was affirmed.

The opinion in *Evans* does not mention any statute,

and, particularly, does not mention any statutory definitions. We have studied the briefs in *Evans*. They too contain an entire absence of any mention of any statute, and they do not mention any definition of "accident" or "injury." The brief of the claimant mentions repeatedly that, in order for the claimant to recover, overexertion must be proven. It was the position of the claimant-widow as stated in her brief that the "uncontroverted evidence showed that the decedent had been engaged in overexertion arising out of and in the course of his employment." The argument made by Denver, the State Compensation Insurance Fund and the Industrial Commission was that there was competent evidence to support the commission's finding that there had not been overexertion. There was complete agreement between all parties that overexertion was an essential prerequisite.

In the light of the presentation — and lack of presentation — to this court in *Evans*, we consider it no authority, one way or another, as to what change may have been wrought by the 1965 amendment pertaining to the definitions. We approach the effect of that amendment now for the first time.

It is to be noted that the 1963 definitions of "accident" and "injury" made them inseparably linked to trauma, and that this traumatic connection was entirely eliminated in the 1965 amendment. We see that in the 1965 definition of "accident" there are the terms, "an unforeseen event, occuring without the will or design of the person whose mere act causes it" and "an unexpected, unusual, or undesigned occurrence." Our study of this Matter convinces us that the General Assembly intended to effect some change in the law by this amendment, including abolition of the "overexertion" rule. Perhaps other features of the Workmen's Compensation Act were changed by the amendment, but the only subject of change which occurs to us is the "overexertion" rule with respect to heart attack cases.

For example, so far as application of the "overexertion"

rule is concerned, there is considerable comparability between heart attack cases and brain aneurism cases. Yet, overexertion is not required as a condition of compensability in the brain aneurism cases. *Industrial Comm. v. Riley,* 165 Colo. 586, 441 P.2d 3 (1968). Frequently in both heart cases and back cases, there are pre-existing conditions or diseases which contribute to the disability or death. In the back cases involving a pre-existing condition, when that condition is aggravated during the course of employment, overexertion has not been a condition precedent to an award of compensation. *Martin Marietta Corp. v. Faulk,* 158 Colo. 441, 407 P.2d 348 (1965); *Wesco Electric Co. v. Shook,* 143 Colo. 382, 353 P.2d 743 (1960); and *Vanadium Corporation of America v. Sargent,* 134 Colo. 555, 307 P.2d 454 (1957).

We are not unmindful — and probably the General Assembly was not unaware — of the fact that the "overexertion" rule, in the absence of statutory definition, has been a minority rule. In the statistics which follow, we rely upon 1A *Larson, Workmen's Compensation Law* § 38-30, at 540 (1967), and 5 *Schneider, Workmen's Compensation* § 1387, at 116 (Perm. Ed. 1946, Supp. 1970). Forty-two of the states have no definition of "accident" in their statutes. Of these:

Twenty do not require overexertion.

Eight require overexertion.

Eight apparently have not passed on the point.

In six the cases in each state are at variance and the law appears to be in confusion.

There are statutory definitions in the eight remaining states. In six of these (excluding Colorado and Idaho) substantially the same definition of "accident" is used, *viz.:*

An unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury. Ala. Code Tit. 26, § 262(i); Fla. Stat. § 440.02(19); La. Rev. Stat. § 23:1021(1); Mo. Rev. Stat. § 287.020(2); Neb. Rev. Stat.

§ 48-151(2) (Reissue 1968); Nev. Rev. Stat. § 616.020 (Supp. 1969).

The breakdown of the decisions in these six states appears to be as follows:

Two do not require overexertion. *Reynolds Metals Co. v. Gray,* 278 Ala. 309, 178 So.2d 87 (1965); *Klein v. Howard Motors, Inc.,* 192 So.2d 205 (La. 1966).

In two overexertion is required. *Victor Wine and Liquor, Inc. v. Beasley,* 141 So.2d 581 (Fla. 1961), but cf. *Standard Oil Co. v. Gay,* 118 So.2d 212 (Fla. 1960); *Cochran v. Bellevue Bridge Comm.,* 174 Neb. 761, 119 N.W.2d 292 (1963).

In one the decisions are such that a categorization is difficult. *Cowick v. Gibbs Beauty Supplies,* 430 S.W.2d 626 (Mo. App. 1968); *Flippin v. First National Bank,* 372 S.W.2d 273 (Mo. App. 1963); *Crow v. Missouri Implement Tractor Co.,* 307 S.W.2d 401 (Mo. 1957).

We have not found any cases in the remaining state (Nevada).

■ The statute in Idaho provides as follows:

" 'Accident,' as used in this law, means an unexpected, undesigned and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law." I.C. § 72-201.

For convenience, in comparison, we repeat our definition of "accident" in 1965 Perm. Supp., C.R.S. 1963, 81-2-9(1):

"(1) The term 'accident,' as used in this chapter, shall mean an unforseen event, occurring without the will or design of the person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; or the effect of an unknown cause, or, the cause being known, an unprecedented consequence of it."

The similarity in words found in these two statutes is rather striking. This statute was construed in *Hammond v. Kootenai County,* 91 Idaho 208, 419 P.2d 209 (1966). In that case the employee was a deputy sheriff, who had

been treated for a number of years for progressive hypertensive cardiovascular disease. One day he came upon a car off the road, located a few feet down a steep embankment. He went down the embankment to make an investigation and then returned to his own car to call for an ambulance. While making the call he had a "stroke" and died the following day without regaining consciousness. The Industrial Accident Board found that his diseased condition was the major cause of his death; "that the circumstances, surrounding his collapse while engaged in the performance of his duties, are properly to be regarded as an accident within the compensation law"; that the preexisting condition contributed to the extent of ⅔ of the cause of death and the "accident" contributed ⅓. His widow was awarded ⅓ of the statutory maximum death benefit. The Idaho Supreme Court affirmed.

While in its opinion the Idaho court did not mention the term "overexertion" or "unusual duties" or the like, it is implicit in the opinion that overexertion was unnecessary. We have elected to follow the reasoning of this decision. Under it we conclude that the legislative intent in the 1965 amendment was to make compensable an injury or death which results from exertion in the performance even of usual duties within an employee's scope of employment. There must, of course, be the chain of causation necessary as in all workmen's compensation cases.

With the construction we have here made of the statutory definitions, the findings of the commission are not applicable and it must make new ones. *Industrial Commission v. Rowe,* 162 Colo. 248, 425 P.2d 274 (1967); and *Brush Hay and Milling Company v. Small,* 154 Colo. 11, 388 P.2d 84 (1963). The commission may well conclude that in the light of this opinion it should conduct an entire new hearing and, if it so concludes, it is so authorized.

The judgment is reversed and the cause remanded to

the district court with instructions to remand it to the commission for disposition consonant with the views herein expressed.