No. 25399

T & T Loveland Chinchilla Ranch, Inc. and The Travelers Insurance Company v. Claimants in the Matter of the Death of Byron Bourn and Director of the Division of Labor and Employment of the State of Colorado, Industrial Commission of Colorado

(495 P.2d 546)

Decided April 3, 1972.

66

Wood, Ris & Hames, F. Michael Ludwig, for petitioners.

Hill and Hill, Alden T. Hill, for respondent claimants.

Duke W. Dunbar, Attorney General, Jonn P. Moore, Deputy, Peter L. Dye, Assistant, for other respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The respondent-claimants were awarded benefits by the Industrial Commission by reason of the death of their husband and father as a result of a heart attack. This matter was first here in *T & T Loveland Chinchilla Ranch v. Bourn,* 173 Colo. 267, 477 P.2d 457 (1970), after the Industrial Commission held that compensation could not be awarded as overexertion had not been shown. In that 1970 opinion we held that, by reason of an amendment of the statute, it was not necessary to show overexertion, and that the legislative intent in the amendment was to make compensable an injury or death which had resulted from exertion in the perfor-

mance even of the usual duties of the employee. We ordered the matter to be remanded to the Industrial Commission for disposition consonant with our view of the amended statute, which resulted in the award now before us.

While the latest action of the General Assembly on this subject does not affect this case, we should note it in passing. In 1971 paragraph (3) was added to 1965 Perm. Supp., C.R.S. 1963, 81-2-9. This places the law as it existed before the 1965 amendment, and it provides in effect that compensable heart attack must be caused by an unusual or extraordinary overexertion. Colo. Sess. Laws 1971, ch. 225, § 2.

Upon remand the Division of Labor of the Colorado Department of Labor and Employment advised the parties that they might present further evidence, and that if no request were made the matter would be referred to the "Industrial Commissioners" for a decision based on the record as it then stood. All parties advised the division that they did not wish to present further evidence. The Industrial Commission then found that the matter was compensable and awarded benefits.

The petitioners, being the employer and the insurer, appealed to the Colorado Court of Appeals on the ground, among others, that the action of the commission was violative of procedural due process. The Court of Appeals called our attention to the claim of unconstitutionality and, acting under 1969 Perm. Supp., C.R.S. 1963, 37-21-10(1)(a), we accepted jurisdiction of the appeal. We now affirm.

The argument of unconstitutionality arises out of the administrative reorganization of our state government in 1968 and 1969. *See* 1969 Perm. Supp., C.R.S. 1963, 3-28-1 *et seq.*, 80-1-1 *et seq.* and 81-14-1 *et seq.* We quote the following from the petitioners' brief:

"The entire state government was reorganized in 1969, pursuant to a constitutional amendment approved by the voters of the state. . . . The Department of Labor and Employment is directly under the office of the Governor.

That department is headed by the Executive Director of the Department of Labor and Employment, who is also ex-officio, the Director of the Division of Labor. Under the Director of the Division of Labor and his deputy, lies the Workmen's Compensation Benefits Section, Adjudication Branch, made up of the referees. In direct authority with the Governor, is the body now known as The Industrial Commission of Colorado. They have no authority over the Director of the Division of Labor, nor does he have any power or authority over them. He is not responsible to them and is not in line authority with them.

"Nonetheless, the 1969 amendment to the Workmen's Compensation Act, at CRS 80-1-9, gives the commission the power: 'to hear as an appellate board, all appeals from any order, award, or decision of the director, or any person through or by the director of the division of labor, and to make a finding of facts and award on said appeal.' "

It is the contention of the petitioners that an appellate body cannot make findings of fact; that, the Industrial Commission now being an appellate body, there was an unconstitutional delegation of the power to make findings of fact; and that it should have referred this matter to the Director of the Division of Labor for any further findings. We do not reach these contentions because we hold that the petitioners were not timely in objecting to the commission's performance of this function and appeared to accede in the matter. Had we been able to foresee our view of this matter and the lack of necessity to approach the constitutional question, we would have let the case remain with the Court of Appeals. Now that we have given the matter our study, however, instead of certifying it back to that court, we dispose of it.

Our 1970 opinion was on a writ of error taken from the district court. The writ was sued out prior to the creation of the Court of Appeals and of procedures for direct appeal from the Industrial Commission to it. 1969 Perm. Supp., C.R.S. 1963, 37-21-1 *et seq.* We directed the district court to remand the matter to the Industrial Commission for disposi-

tion consonant with the views expressed in that opinion. The petitioners filed a petition for rehearing concerning our 1970 opinion. In the petition they made no mention of their presently asserted view that the Commission could not constitutionally act in the matter.

As previously mentioned, following the district court's remand the petitioners were advised that if no request for presentation of further evidence "is received, this matter will be referred to the Industrial Commissioners for their decision based on the record as it now stands." To this, counsel for the petitioners responded in writing as follows:

"Respondents [present petitioners] do not desire to present any additional testimony and therefore, in accordance with your letter, we would assume that this matter will be referred to the Industrial Commission for their decision, based on the record in its present form."

Thereafter, the commission issued its supplemental order in which it made new findings and an award of benefits. It was in the petitioners' petition to review the supplemental order that they first made mention of a denial of procedural due process. Under these circumstances the petitioners waived any claim of lack of procedural due process.

We might add that the only case cited as in support of petitioners' proposition is *Cinderella Career & Finishing Schools v. Federal Trade Commission,* 425 F.2d 583 (1970). We do not regard it as authority for the argument that the commission can no longer make findings of fact.

Prior to the heart attack the decedent had been stacking and loading bales of hay. The petitioners argue that the evidence did not show that this work was the cause of the heart attack. Their argument basically is that the claimants' two physicians characterized the decedent's coronary occlusion as having resulted from "over-exertion"; that the Industrial Commission found that there was not overexertion, which we in effect affirmed in our former opinion; and that on cross-examination it was developed that if there had not been the "overexertion" which the doctors had in mind, they could not place the handling of the bales as the cause.

One of these doctors was the attending physician. The decedent consulted him following the onset of chest pains and aching arms. This doctor testified that at that time the decedent told him how he was handling the hay bales and of the onset of his pain. This was corroborated by statements which the decedent's widow testified the decedent made to her. Irrespective of what this doctor may have felt was overexertion, he testified as follows: "It is my opinion that this exertion initiated the coronary thrombosis." The doctor did not depart from this opinion and his testimony is sufficient to support the Commission's finding to this effect. We find no merit in the remainder of the arguments of petitioners addressed to the failure of testimony as to causation.

■ Petitioners also urge that the findings by the Commission were insufficient, citing *Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969). This was a case that required more detailed findings than the instant one and which had fewer findings than we have here. A portion of the findings here were as follows:

"1. That the deceased, Byron Bourn, on May 20, 1966, while doing work for his employer consisting of selecting and loading hay, under the direction and with the assistance of the employer manager, suffered severe chest and arm pains. Because of his symptoms, decedent was promptly taken to the hospital and an electrocardiogram taken showed that he suffered a coronary occlusion, acute pattern. The decedent was responding to treatment for this condition in an excellent manner when, on May 24, 1966, a ventricular fibrillation developed causing Bourn's death. This fibrillation was the result of the coronary occlusion of May 20, 1966.

"2. Unknown to Bourn or anyone else, he was, at the time of his heart attack on May 20, 1966, suffering from a longstanding atherosclerosis of his coronary arterial system. As a result of this condition the exertion of Bourn on May 20, 1966 in selecting and loading hay, or the stress caused by the conditions and circumstances surrounding the work being done, or both, caused a plaque to break loose in the artery.

This plaque closed off the blood vessel and caused Bourn's coronary thrombosis. The fibrillation of May 24, 1966 was a complication resulting from the original thrombosis.

"3. That Bourn's death on May 24, 1966 was the direct and proximate result of his coronary occlusion of May 20, 1966 and that such heart attack occurred as the result of exertion by Bourn in the course of his employment when he was performing duties arising out of and in the scope of his employment."

In our view these findings adequately show the facts and circumstances upon which the award was based. *See Industrial Commission v. Royal Indemnity Company,* 124 Colo. 210, 236 P.2d 293 (1951).

Order affirmed.