## No. 26719

**Public Service Company of Colorado, a Colorado corporation v. Industrial Commission of the State of Colorado and Garthur D. Severence (deceased)**

(538 P.2d 430)

Decided July 14, 1975.

Lee, Bryans, Kelly & Stansfield, Robert F. Thompson, Chester H. Johnson, for petitioner.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for respondent Industrial Commission of the State of Colorado.

George G. Christiansen, for respondent Garthur D. Severence (deceased).

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This matter involves an award granted as a result of a heart attack. We affirm.

Garthur D. Severence filed a claim before the Industrial Commission (Commission) claiming compensation as a result of a heart attack on November 2, 1965, caused by and in the course of his employment. After a hearing before a referee, the referee made findings as follows:

"[T]he claimant, on November 2, 1965, was performing his normal duties and . . . there was nothing more than the ordinary exertion found in the usual course of his employment. The Referee further finds that there was nothing unusual about the working conditions on that date.

"In view of the above, the Referee finds that the claimant has failed to prove that his heart attack was caused by his employment."

On December 7, 1970 we announced our opinion in *T & T Ranch v. Bourn*, 173 Colo. 267, 477 P.2d 457, in which we held that, as a result of a 1965 amendment of the Workmans Compensation Act, a showing of overexertion was no longer a prerequisite to a recovery of compensation for a heart attack sustained in the course of employment. We further held that compensation may be granted for an injury or death which resulted from exertion in the performance even of usual duties within the employee's scope of employment. The referee held a further hearing on July 28, 1971 and, as a result of *Bourn, supra*, ordered an award. The findings contain the following:

"The Referee, having again reviewed the entire file and the testimony, finds that the claimant's myocardial infarction which occurred on November 2, 1965 was causally related to his employment on that date; that the conditions of his employment on that date did aggravate a pre-existing condition and bring about the heart attack which with subsequent complications have totally disabled the claimant from seeking gainful employment, and the claimant has been, and remains, permanently and totally disabled as a result of his industrial accident of November 2, 1965."

The claimant, who was 62 years of age, testified that on November 2, 1965 he made about 30 trips carrying mortar and other articles up a ladder; that he requested help; that the foreman advised that there was no one to help him and that he would have to do it himself; that he had never had any previous heart trouble; that during the afternoon of that day intense pains commenced in his chest and arm; that he became unconscious; and that he was hospitalized for treatment of a heart attack.

Two physicians, Dr. Heinz and Dr. Rest, testified. Dr. Heinz stated that claimant's heart attack was solely as a result of his internal bodily processes and had no connection with his work. Dr. Rest testified that the overexertion which claimant underwent on November 2, 1965 triggered or aggravated his heart attack.

The claimant testified on May 28, 1968. He died, allegedly of a heart condition, during or subsequent to 1970.

In 1971 the General Assembly amended the Workmans Compensation Act providing in effect that to be compensable a heart attack must be "caused by an unusual or extraordinary overexertion." Section 8-41-108(2), C.R.S. 1973. The Public Service Company, the employer, appealed on the ground that in *Bourn* we had misconstrued the legislative intent and that, in any event, the evidence did not support a finding that the myocardial infarction was causally related to the employment.

## I.

■ The *Bourn* case was before us a second time. *T & T Loveland Ranch v. Claimant*, 178 Colo. 65, 495 P.2d 546 (1972). We there mentioned the 1971 amendment, stating that it did not effect the *Bourn* opinion. We added that "[the 1971 amendment] places the law as it existed before the 1965 amendment. . . ." Counsel for the employer urge, probably correctly, that the quoted statement "is pure *obiter dictum*." We now, however, make the statement *ex cathedra*.

■ We held in the first *Bourn*, and we still hold, that the legislative intent of the 1965 amendment was not to require overexertion as a prerequisite in heart attack compensation cases. The General Assembly which was in session in 1971 did not, and could not, define the legislative intent of the General Assembly which was in session in 1965. It is apparent that the General Assembly of 1971 did not like the result of our opinion, and in effect repealed it as of July 1, 1971. But the statutory interpretation was and is in effect for accidents occurring between the effective date of the 1965 amendment and July 1, 1971.

## II.

The employer's other assignment of error is that the evidence does not sustain a finding that the heart attack was causally related to the employment. The argument is that — since one doctor testified that there was no causal connection with the employment; since the other doctor testified that the heart attack resulted from overexertion; and since the referee found in his earlier finding (which was approved by the Commission) that there was no overexertion — there is no medical evidence supporting causation. In other words, the testimony of the second doctor is to be disregarded because the referee negated the opinion of overexertion. This contention overlooks the testimony of the claimant himself, which can be considered in connection with the medical testimony. As was stated in *Industrial Commission v. Royal Indemnity Company*, 124 Colo. 210, 236 P.2d 293 (1951):

"All that is necessary, to warrant the finding of causal connection between the accident and the disability, is to show facts and circumstances which would indicate with reasonable probability that the [injury] resulted from, or was precipitated by the accident."

The facts and circumstances here so indicate. For further authority, *see Industrial Commission v. Havens*, 136 Colo. 111, 314 P.2d 698 (1957); *Vanadium Corp. v. Sargent*, 134 Colo. 555, 307 P.2d 454 (1957); and *White v. Industrial Commission*, 104 Colo. 372, 90 P.2d 960 (1939).

Order affirmed.