## JOHN CRAIN v. THE STATE.

### No. 3634.   Decided May 27, 1908.

**1.—Disturbing Peace—Private House.**

Where upon trial for disturbing the inhabitants of a private house, etc., the evidence showed that while the alleged house was more or less unfinished, that it was practically finished and the owner moving in shortly after the commission of the offense, and that he gave a ' dance therein at the time, it was such a house as was contemplated in the statute.

**2.—Same—Charge of Court.**

Upon trial for disturbing the inhabitants of a private house, by the use of loud and vociferous, obscene, vulgar and indecent language, a charge which did not limit the jury to such language and conduct, but instructed the jury to find the defendant guilty if he disturbed the inhabitants of the alleged house, was error. Following Jones v. State, 50 Texas Crim. Rep., 210; 16 Texas Ct. Rep., 687.

Appeal from the County Court of Zavala. Tried below before the Hon. O. A. Mills.

Appeal from a conviction of disturbing the peace; penalty, a fine of $1. The opinion states the case.

*Geo. T. Herman,* for appellant.—On question of refusing special charge on the definition of a private house: McIver v. State, 34 Texas Crim. Rep., 214; 29 S. W. Rep., 1083.

Where the charge was disturbing the peace by unlawfully and willfully using loud and vociferous language and obscene, vulgar and indecent language, swearing and cursing in and near a private house, a charge which authorized a conviction regardless of whether the language was

used or the cursing and swearing was done in a manner calculated to disturb the inhabitants of the house, was error. Jones v. State, 50 Texas Crim. Rep., 210; 16 Texas Ct. Rep., 687; Potts v. State, 50 Texas Crim. Rep., 368; 17 Texas Ct. Rep., 226.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Zavalla County of the offense of disturbing the inhabitants of a private house by the use of loud and vociferous, obscene, vulgar and indecent language.

There are two questions raised on which a reversal is sought. One is to the effect, in substance, that the house of Sal Armstrong was not at the time of the commission of the alleged offense a private house within the meaning of the law, and the other is that the charge of the court was erroneous in that it did not require the jury to find that the disturbance must have been made by the means or in the manner set out in the indictment. The evidence showed that the language used by appellant, which is the basis of the charge, was so used by him at a dance at the house of one Sal Armstrong. It appears that at the time the dance was given that the house was more or less unfinished, and that Mr. Armstrong had not yet moved into it, though he owned the house; that same was practically finished and that he began moving into it the next day. We are inclined to think that this was such a house as is meant in the statute giving protection to the inhabitants of a private house against the character of language which it is charged had been used by appellant. We think, however, the case must be reversed on account of the charge of the court. This charge is as follows: "Now, gentlemen of the jury, you are charged that if you believe from the evidence beyond a reasonable doubt, that the defendant, John Crain, did on or about the time alleged in the indictment disturb the inhabitants of the private house of one Sal Armstrong, in the County of Zavalla and State of Texas, you will find the defendant, John Crain, guilty and assess his punishment at a fine in any sum not exceeding $100, but if you do not believe from the evidence that the defendant did disturb the inhabitants of said private house as alleged by the indictment, you will find the defendant not guilty and so say by your verdict." This charge was excepted to at the time and the error as claimed by appellant's counsel, pointed out that it was defective and erroneous in that it authorized the jury to convict appellant if he disturbed the inhabitants of said house in any manner and without limiting the jury and their authority, to find the defendant guilty in case they should believe from the evidence that he did so disturb the inhabitants of said private house by then and there unlawfully and willfully using loud and vociferous, obscene, vulgar and indecent language and by swearing and cursing in a manner calculated to disturb the inhabitants of a private residence. We think the charge of the court is subject to this criticism and is erroneous substan-

tially as claimed by appellant's counsel. It was so expressly held in the case of Jones v. State, 52 Texas Crim. Rep., 210, 16 Texas Ct. Rep., 687. In that case a conviction was sought on the ground that the appellant there had rudely displayed a gun in a manner calculated to disturb the inhabitants of a house. In that case the court used this language: "We also believe that the court should have instructed the jury as requested by appellant, to the effect that the jury must believe before they could convict appellant that he not only cursed and swore near the alleged private residence, but he did so in a manner calculated to disturb the inhabitants thereof. The charge of the court did not contain this feature, and authorized the jury to convict regardless of whether the cursing and swearing was in a manner calculated to disturb the inhabitants of said house." Such a charge was particularly demanded by the facts of this case. We think that the charge of the court complained of is erroneous and being excepted to at the time, we think appellant is entitled to a reversal.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*