## No. 14,900.

O'CONNOR *v.* BOULDER COLORADO SANITARIUM
ASSOCIATION.
(111 P. [2d] 633)

Decided February 24, 1941.   Rehearing denied March 24, 1941.

Messrs. ROBINSON & COIT, Mr. CARL W. BERUEFFY, for
plaintiff in error.

Messrs. TWITCHELL, CLARK & ECKLEY, Messrs. GOSS &
HUTCHINSON, for defendant in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

This is an action by Vivian O'Connor, plaintiff in error, to whom we hereinafter refer as plaintiff, to recover damages resulting from alleged negligent care and treatment by agents of the Boulder Colorado Sanitarium Association, defendant in error, hereinafter designated as the sanitarium. The sanitarium, by cross complaint, sought judgment for the value of its services rendered to plaintiff while she was a patient at its institution. Trial was to a jury, which returned a verdict in favor of the sanitarium on the issues made by the complaint and answer. On the issues presented by the cross complaint and answer thereto, its verdict was for plaintiff. The judgment of the court was against plaintiff for costs, and the cross complaint of the sanitarium was dismissed without costs. Plaintiff presents the case here on writ of error to reverse the judgment, assigning as error: Inconsistency of the verdicts; that the verdicts are contrary to the evidence; erroneous instructions; and the erroneous admission of evidence. No cross-errors are assigned. In view of our conclusions, we deem it unnecesary to refer to any of these assignments other than the first.

Plaintiff, suffering from a common cold, entered the sanitarium January 2, 1937, at about 9 o'clock p.m., at which time her condition was diagnosed and she was given what is termed a hydrotherapy treatment. Similar treatments were subsequently administered on numerous occasions. Plaintiff contends, among other things, that it was the treatment given on the first night that resulted in the condition of which complaint is made and which forms the basis of the purported negligence, which is alleged in the following language: "(f) In giving the plaintiff certain hydrotherapy treatments, which

treatments consisted of hot baths and hot water treatments, and thereafter failing to take reasonable precautions to observe whether or not the plaintiff was thoroughly dried before placing her in an open and extremely cold hospital room, as alleged in paragraph (g) hereof."

██ ██ It is urged, as a proximate cause of the alleged damage suffered by plaintiff, that as a result of these hydrotherapy treatments, the common cold from which she was suffering developed into and became pneumonia, with the resultant tuberculosis condition. Assuming that the hydrotherapy treatment was negligently given to plaintiff on the night of her entry into the sanitarium, followed by a lack of proper precautionary measures, we still have the problem of whether this negligence was the proximate cause of pneumonia, and subsequently tuberculosis. We have carefully read and considered this record, and we find therein no evidence from which the jury could properly have found that the hydrotherapy treatment given by the sanitarium attendants, and other alleged acts of carelessness, were the "cause which in natural and continued sequence, unbroken by any efficient intervening cause, produced" the pneumonia, and subsequently tuberculosis. The most that can be said from all the evidence, including that of the medical expert who testified on behalf of plaintiff, is that there was a *possibility* that this treatment may have been the cause. This, in our opinion, would not be sufficient to support a finding that the negligence in giving the treatment was a substantial factor in bringing about pneumonia and tuberculosis. The record is devoid of any evidence which would indicate probability that the negligence of the agents of the sanitarium was the proximate cause of the unfortunate illness of which plaintiff has become the victim. Under these circumstances we have a question of law— not an issue for jury—the solution of which impels us to the conclusion that legal liability of the sanitarium was not established.

The contention that the undisputed medical evidence, to the effect that it was *possible* for the exposure to have precipitated the pneumonia, is equivalent to *probable,* is in our opinion, on the evidence before us, untenable. To sustain the charge of negligence as the basis for a legal remedy, it must be fortified by reasonable certainties, and not left open to conjecture and speculation. The evidence discloses that the legal experts were well aware of the distinction between "possible" and "probable" effects.

This same issue was raised at the close of all the evidence, by a motion interposed by counsel for the sanitarium for a directed verdict, concerning which the trial court reserved its ruling. During the time the jury was deliberating upon its verdicts, the learned trial judge read a part of the testimony which had been transcribed, and had the court reporter read to him a part of the other testimony, and when the verdicts herein were returned he advised the jury that there was no evidence "to warrant a verdict against the sanitarium." However, regardless of this statement, and independent thereof, we entertain the same opinion. It is true that courts should be very reluctant to take the issue of proximate cause from a jury, and this perhaps was the reason why the trial court in the instant case, not having in mind all the evidence, submitted the facts to the jury. Where, however, the record is devoid of evidence showing a probability of proximate cause, the question becomes one of law for the court. In our opinion, the situation here calls for the application of that rule.

Counsel for plaintiff, in support of their contention of the sufficency of the evidence on proximate cause, cite *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200; *Longmont v. Swearingen,* 81 Colo. 246, 254 Pac. 1000. The facts in these cases are readily distinguishable from those in the instant litigation. In the Tadlock case there was an absolute failure on the part of a physician to attend the patient and secure data upon which to base an

intelligent judgment, and there was evidence that this was the proximate cause of the injury. In the Longmont case, unlike the situation here, there was a conflict in the medical testimony as to the cause of death. In that case we said, page 251: "All that is necessary, to warrant the finding of proximate cause, is to establish by the evidence such facts and circumstances as would indicate with reasonable probability that the death was caused by drowning." In the instant case reasonable probability was not established. In *Denver & Rio Grande R.R. Co. v. Thompson,* 65 Colo. 4, 169 Pac. 539, we said: "A resort to mere conjecture or possibilities will not take the place of direct or circumstantial evidence. No number of mere possibilities will establish a probability."

Since the verdict on the cross complaint was in favor of plaintiff, and in our view there was no evidence upon which to base a verdict on the complaint in favor of plaintiff, on the question of inconsistency of verdicts, there is no error upon which plaintiff can claim prejudice.

The judgment is affirmed.

Mr. Justice Hilliard dissents.