No. 16,642.

INDUSTRIAL COMMISSION ET AL. *v.* ROYAL INDEMNITY
COMPANY ET AL.
(236 P. [2d] 293)

Decided September 4, 1951. Rehearing denied October 8, 1951.

· Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for
plaintiffs in error.

Mr. DARWIN D. COIT, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is a proceeding on writ of error to review the judgment of the district court of Denver vacating and setting aside an award of the Industrial Commission in an action arising under the Workmen's Compensation Act.

The claimant while shoveling coal into a furnace got a small piece of coal or other substance in his right eye. He rubbed the eye and "worked" it in an endeavor to dislodge the object. There was discomfort for about twenty minutes, but he continued working. He noticed impaired vision, and on the fourth day following the incident above related, he consulted eye specialists who operated on the eye two days later, in an effort to correct an extensive detachment of the retina which was apparent upon the examination.

The doctor testified that the interior of the claimant's eye disclosed evidence of an "old long-standing deteriorative condition that was certainly the primary predisposing factor to the development of the detachment, and it would seem probable that in the absence of any injury that ultimately he may have developed a detachment." In the testimony offered by the doctor who performed the operation, the following appears: "Q. Are you able to state that foreign body, which Mr. Armstead states that he got in his eye sometime on December 16, 1948—are you able to state whether that foreign body caused the detachment of the retina? A. No, I am not. The fact that his visual symptoms occurred, I think, within eighteen hours after that incident certainly led us originally to feel that there was a causal relationship, but as far as proving it one way or the other, I don't think we can do it. Q. With this old condition that he had in his

eye, was the torn retina consistent with that condition? A. Yes, With any detachment you will find some old, previously-existing disease process. Q. Where you have a diseased process in an eye, such as you have described, that was in Mr. Armstead's eye for a long period of time, could you get a torn retina just from natural causes or from rubbing the eyes, or rolling the eyes? A. Yes, I think so, especially violent rolling. Q. From what you now know, you say originally you thought there might have been some causal relation, and do you now think there was a causal relation in all probability, as distinguished from a possible causal relation? A. I don't know. I think the relationship is definitely possible. Whether it is probable, I don't know. Again I think it is almost impossible to positively determine the relationship. Often times we do see detachments following a trivial injury, when we know that the eye was originally predisposed to the development of the detachment.

\* \* \*

"Q. Dr. Long, if a person had a pre-existing inflammatory process in the eye such as this man had, and he got some foreign particle in his eye and he rubbed his eye in an attempt to get that foreign particle out, rubbed his eye for ten or twenty minutes, and testified that the eye bothered him the rest of the day, in fact, bothered him until he finally did seek some attention, would it be possible or probable that rubbing an eye with an inflammatory process, such as he had here, would cause a detachment? A. Yes, I think so. Q. Would rubbing the eye be more apt to cause the detachment than the presence of the foreign body? A. Very much more so. I don't think the foreign body, per se, would produce the detachment. Q. As far as the time element is concerned, would you expect the detachment to become apparent sooner or later than it did, or about when it did in this case? A. He had a large tear because he had an extensive area of chorditis, and I think the time element is

consistent with the causal relationship. It would have come on rather soon after any mild trauma.

"The Referee: That is all."

The Industrial Commission made an award of compensation to claimant. This award was set aside by the district court. The commission and claimant seek reversal. There is but one question presented for determination: *Was there any substantial evidence before the commission showing that claimant's condition, to wit, a retina detachment, was proximately caused by an accident arising out of and in the course of his employment?*

 If this question is answered in the affirmative, the judgment of the district court must be reversed, and the award of the commission upheld. On behalf of defendant in error it is argued that the claimant failed to establish any causal connection between the accident and the condition of which he complains, and that the evidence at best is to the effect that there is a mere possibility that the accident caused the disability. The finding of the commission was that the "retinal detachment was a direct and proximal result of his attempt to dislodge the foreign body." We have held that where findings of the Industrial Commission are based wholly upon conjecture and possibilities, an award based thereon cannot properly be sustained. *United States Fidelity and Guaranty Co. v. Industrial Commission,* 122 Colo. 31, 219 P. (2d) 315. All that is necessary, to warrant the finding of causal connection between the accident and the disability, is to show facts and circumstances which would indicate with reasonable probability that the detached retina resulted from, or was precipitated by, the accident. *O'Connor v. Boulder Colorado Sanitarium Ass'n,* 107 Colo. 290, 111 P. (2d) 633. Numerous cases are cited by counsel for both parties, in which this Court has considered whether a "reasonable probability" concerning causal relationship between an accident and a disability has been established. The cases cited by counsel deal with factual situations substantially different from those

in the instant case. There is no dispute concerning the principles of law which are involved. If the evidence, and the logical inferences therefrom, can be said to warrant a conclusion that the accident, within a reasonable probability, resulted in the disability, the claimant is entitled to compensation, since he was successful before the commission. If, however, the evidence, as a matter of law is insufficient to remove the question of causation from the realm of conjecture and mere possibilities, the award of the commission cannot be upheld.

The case of *Royal Indemnity Co. v. Industrial Commission*, 88 Colo. 113, 293 Pac. 342, is one in which the claimant alleged an eye injury from a piece of flying rock. Eye specialists were called as witnesses. None testified that the accident "probably" caused the injury to the eye. One doctor said, in answering a question as to whether the accident "could have caused" the injury, or "would cause it," that he "wouldn't say for sure whether it did, one way or the other." Several doctors testified that in their opinion there was no causal connection. The opinion in that case contains the following statement concerning the evidence there under consideration: "But all except one testified long after the accident. One doctor, who made his examination in June, 1929, testified that he did not assume any conclusion as to the actual cause of the condition for the reason that after two years it would be impossible to state whether the condition was caused by the injury or existed previous to the injury; that it was possible that the claimant could have had this condition of the left eye previous to the injury. He was asked: 'Is the condition you find this man's eye in such as to have been caused by accident?' He answered: 'Yes, it could have been. I can only answer that by saying the slight place on the eye could have caused a condition on the back of the eye, not to have done it. I cannot give you a definite opinion on that.' Another doctor said, in a report to the commission: 'At my examination of claimant on May 28, 1928, I could not deter-

mine the cause of his blindness. While in my opinion the accident had to do with his visual loss, I cannot prove this statement.' "

In that case we said further: "Such evidence amply sustains the finding of the commission relative to the cause of the loss of vision of the left eye."

We think the evidence in the case at bar relating to the cause of injury is stronger in support of the commission's finding, than that which was held to be sufficient in the Royal Indemnity case, supra.

The judgment is reversed and the cause remanded with directions to reinstate the award of the commission.