491 P.2d 106 (1971)
RINGSBY TRUCK LINES, INC., and Transport Indemnity Company, Petitioners,
v.
INDUSTRIAL COMMISSION of Colorado and James E. Cargile, Respondents.
No. 71-105.
Colorado Court of Appeals, Div. I.
November 23, 1971.
*107 Wormwood, Wolvington & Dosh, Byron G. Rogers, Jr., Denver, for petitioners.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Ashen & Fogel, George T. Ashen, Denver, for respondent James E. Cargile.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
In this Workmen's Compensation case the employer and its insuror appeal a final order of the Industrial Commission awarding maximum permanent partial disability benefits to the employee, claimant.
After hearings the referee found that the claimant had an accident which arose out of and in the course of his employment and that he suffered a subdural hematoma as a direct result of the accident. These findings are not contested here. The evidence disclosed that subsequent to the accident the employee suffered loss of vision in his right eye. There was a substantial dispute as to whether the loss of vision resulted from the accident. The referee determined that it did not and awarded no benefits for that disability.
On review the commission concluded that the loss of vision resulted from the injury sustained in the accident and awarded the benefits appealed from. In this appeal the employer and carrier assert there is no evidence supporting the award and that it is based on conjecture and mere possibilities. We disagree and affirm the final order.
The sole issue in dispute is whether there is any causal connection between the accident and the loss of vision in claimant's right eye. The employer asserts the causal connection must be established with reasonable medical probability. This is the standard upon which a medical expert must base his opinion but it is not the standard on which the commission must make its determination. The evidence must establish the causal connection with reasonable probability, but it need not establish it with reasonable "medical" celtainty. Industrial Commission v. Royal Indemnity Co., 124 Colo. 210, 236 P.2d 293. In that case it was held that if the circumstantial evidence established a causal connection the claimant was not obliged to establish it by expert medical testimony.
In the present case, the ophthalmologist on whose testimony the employer chiefly relies did testify that the subdural hematoma (which was a result of the accident) did not, in his opinion, cause the loss of vision. However, he also testified that the trauma to claimant's head, received in the accident, and the resulting hematoma would be significant because, "* * * something had to cause the vision to go sour in the right eye." He further testified that his physical examination of the claimant revealed no other cause.
The evidence was undisputed that prior to the accident the claimant had had no loss of vision or other problems with his eyes. Medical opinions are not the sole determinative factors. All the circumstances must be taken into consideration by the commission in making its determination. Vanadium Corp. of America v. Sargent, 134 Colo. 555, 307 P.2d 454.
There was sufficient competent evidence before the commission to support its determination and the fact that there was some testimony to the contrary does not warrant a reversal of its order. Rand v. Industrial Commission, 110 Colo. 240, 132 P.2d 784.
Order affirmed.
ENOCH and DUFFORD, JJ., concur.