493 P.2d 676 (1972)
Sam WHITE, Petitioner,
v.
DIRECTOR OF the DIVISION OF LABOR, DEPARTMENT OF LABOR AND EMPLOYMENT of the State of Colorado, et al., Respondents.
No. 71-367.
Colorado Court of Appeals, Div. II.
February 8, 1972.
George A. Hinshaw, Aurora, Irvin M. Kent, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, *677 Asst. Atty. Gen., Denver, for respondents, Director of Division of Labor, Department of Labor and Employment of State of Colorado, and Industrial Commission of Colorado.
Sheldon, Bayer, McLean & Glasman, James T. Bayer, Denver, for respondents, Capitol Packing Co. and London Guarantee and Accident Co.
Selected for Official Publication.
DWYER, Judge.
Sam White, the claimant-employee, has filed this petition to review a final order of the Industrial Commission denying his claim for an award of benefits for his alleged permanent total disability.
On February 2, 1962, claimant was injured in an accident arising out of, and in the course of, his employment by Capitol Packing Company. He received compensation for temporary total disability for the period February 3, 1962, to September 9, 1962. Claimant thereafter received the maximum allowable award for permanent partial disability. The claim was later reopened to determine whether claimant was entitled to an award for permanent total disability, and after hearings were held, the claim was denied.
Claimant relied on the testimony and reports of psychiatrists. The report of one of the psychiatrists stated that claimant was suffering from a mental illness which had been aggravated by the accident and that in the opinion of the physician claimant was "presently totally disabled."
Respondents submitted the report of a physician who conducted a neurological examination of claimant and reported that claimant was malingering. Claimant's only objection to the report was that the physician was not a specialist in the field of psychiatry. On appeal, claimant contends that the report of the neurologist should not have been considered by the Commission.
It is generally held that a practicing physician, although not a psychiatrist, is qualified to give an opinion as to the mental condition of a person he has examined and observed. 32 C.J.S. Evidence § 546. Travelers Insurance Co. v. Childs, 2 Cir., 272 F.2d 855; In re Estate of Faris, 159 N.W.2d 417 (Iowa); and Trout v. Gandy, 424 P.2d 52 (Okl.).
The Commission did not err in considering the report of the neurologist. The weight to be given the opinion of the physician was for the Commission to determine. Wierman v. Tunnell, 108 Colo. 544, 120 P. 2d 638.
Claimant also contends that he was denied the right to cross-examine a psychiatrist called as a witness for respondents.
During the course of the proceedings before the Commission, a regularly scheduled hearing was held on May 28, 1969. Claimant's attorney did not appear. Respondents called a psychiatrist who had supervised claimant in an industrial therapy program. It was the opinion of this physician that claimant was able to work and that from a therapeutic standpoint he should be required to work.
The case was continued to July 28, 1969, for further hearing on all issues previously defined and for medical testimony. Claimant did not subpoena the psychiatrist who testified on May 28, 1969, nor did he request that the psychiatrist be produced for cross-examination. After the referee's adverse decision, claimant for the first time claimed that he had been denied the opportunity to cross-examine the psychiatrist. However, under the circumstances disclosed by this record, the claimant failed to avail himself of the opportunities afforded him to exercise his right of cross-examination, and he cannot complain that he was denied this right.
Order affirmed.
COYTE and PIERCE, JJ., concur.