No. C-995

**Cynthia J. Stephens and Kraftco Corporation d/b/a Kraft Foods, a Delaware corporation qualified to do business in Colorado v. Herbert V. Koch**

(561 P.2d 333)

Decided March 7, 1977.                    Rehearing denied April 4, 1977.

Zarlengo, Mott and Zarlengo, Reed L. Winbourn, for petitioners.

Richard A. DeZengremel, Blaine A. Rutenbeck, Irvin M. Kent, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This suit was instituted by the plaintiff, Herbert Koch, to recover damages which allegedly occurred when his car was struck from the rear by car driven by the defendant, Cynthia Stephens. Shortly after the accident, the plaintiff complained of stomach and leg pains. A doctor's examination revealed that the plaintiff had an abdominal aneurysm, and the condition was subsequently corrected by surgery. It was undisputed that

the plaintiff had developed the aneurysm prior to the accident, and the primary question concerning damages involved apportionment between the preexisting condition and that portion aggravated by the accident. The issue was submitted to the jury, and a verdict was returned awarding the plaintiff damages of $250. The plaintiff appealed, and the court of appeals reversed, *Koch v. Stephens*, 37 Colo. App. 561, 552 P.2d 525 (1976), concluding that *Colo. J.I.* 6:8, the instruction given relating to apportionment of damages, was inadequate to inform the jury of the law. We disagree and reverse.

## I.

As this court has made clear, a defendant must take his "victim" as he finds him, and if the jury is unable to apportion damages between an injury and a preexisting condition, the negligent party is responsible for the entire disability. *See Newberry v. Vogel*, 151 Colo. 520, 379 P.2d 811 (1963). This rule of law is embodied in *Colo. J.I.* 6:8 which states:

"Where a pre-existing condition exists which has been aggravated by the accident it is your duty, if possible, to apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident. But if you find that the evidence does not permit such an apportionment, then the defendant is liable for the entire disability."

The law and this instruction have been approved by Colorado courts on numerous occasions. *See Intermill v. Heumesser*, 154 Colo. 496, 391 P.2d 684 (1964); *Newberry v. Vogel, supra; Brittis v. Freemon*, 34 Colo.App. 348, 527 P.2d 1175 (1974); *Hildyard v. Western Fasteners, Inc.*, 33 Colo.App. 396, 522 P.2d 596 (1974).

The court of appeals held that in its present form the instruction was improper and its submission to the jury required reversal. The court of appeals concluded that the instruction erroneously failed to inform the jury of where the burden of proof lies with respect to apportionment. Additional instructions which placed the burdens of proof on the plaintiff to establish his case and on the defendant to establish an affirmative defense were thought likely to confuse the jury. Consequently, the court of appeals ordered that *Colo. J.I.* 6:8 be modified by the insertion of the phrase, "(t)he burden of proof on this issue is upon the defendant to establish that portion of plaintiff's present condition for which the defendant is not responsible . . ."

It is, of course, the obligation of the judge to correctly instruct the jury on the law applicable to the case. But the power to review does not encompass the power to reverse a jury verdict based on a legally correct instruction, although the appellate court might prefer other language. We believe that the instruction submitted to the jury in this case correctly stated the law. The law, as announced by this court in *Newberry, supra*,

534

requires that the *jury* consider the *evidence* submitted and, if unable to apportion the damages, award the plaintiff damages for the entire disability. And so they were instructed.

We fail to see how the addition by the court of appeals significantly contributes to the clear statement contained in *Colo. J.I.* 6:8. While instructions which tend to confuse the jury as to the proper placement of the burden of proof may warrant reversal, *see Nutt v. Davison*, 54 Colo. 586, 131 P. 390 (1913), here the jury was properly informed that it was their duty to *apportion* if they could from the evidence in the case. From the verdict, it appears that is exactly what they did. We find no reversible error.

## II.

It was contended that there was insufficient evidence presented to warrant submission of the issue of apportionment to the jury. While several doctors testified that they did not believe that the accident had aggravated the aneurysm at all, one doctor, familiar with the plaintiff's history, stated that certain factors such as the onset of the pains after the accident led him to believe that the accident, by any one of a number of possible mechanisms, had "accelerated" the plaintiff's condition. Under such circumstances, submission to the jury of the instruction relating to apportionment was proper. *See Industrial Comm'n v. Royal Indemnity Co.*, 124 Colo. 210, 236 P.2d 293 (1951); *Royal Indemnity Co. v. Industrial Comm'n*, 88 Colo. 113, 293 P. 342 (1930).

The judgment of the court of appeals is reversed and the judgment of the district court is reinstated.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN dissenting.

MR. JUSTICE KELLEY not participating.

MR. JUSTICE GROVES dissenting:

I would affirm the court of appeals. The jury was instructed that the plaintiff had the burden of proving his case. The court of appeals noted that this could lead the jury to place upon the plaintiff the burden of establishing the extent to which the defendant would not be responsible for plaintiff's present condition. I agree and believe that the addition to *Colorado Jury Instructions* 6:8 suggested by that court would obviate the possible confusion resulting from the different instructions given.

MR. JUSTICE CARRIGAN joins in this dissent.