**BEAUDOIN CONSTRUCTION COMPANY and Transamerica Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado, Director of the Division of Labor, and Claimants In the Matter of the Death of Gerald E. McDowell, Respondents.**

**No. 80CA0292.**

Colorado Court of Appeals,
Div. II.

Dec. 18, 1980.

Rehearing Denied Jan. 15, 1981.

Zarlengo, Mott & Zarlengo, Bonner E. Templeton and Albert E. Zarlengo, Jr., Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondent Industrial Commission of State of Colo.

Gerald Wayne Avram, Arvada, for respondent Gerald E. McDowell.

SMITH, Judge.

Beaudoin Construction Company and Transamerica Insurance Company, petitioners, seek to reverse an order of the Industrial Commission granting death benefits to the widow of Gerald E. McDowell. The Commission found that McDowell died from a "heart attack" that was proximately caused by an unusual exertion arising out of, and within, the course of his employment. We affirm.

On March 20, 1978, decedent obtained work through the union hall as a laborer for Beaudoin Construction Company. That day, decedent performed various tasks which included breaking up blacktop pavement three to four inches thick, loading the chunks of pavement each of which weighed from ten to twenty-five pounds into a wheelbarrow, and pushing the wheelbarrow which weighed seventy to eighty pounds, fifty to seventy-five feet up an incline.

During the morning hours, decedent was observed by his supervisor as appearing to be short of breath while working the jackhammer. The supervisor noted that decedent appeared to be somewhat out of shape with respect to the demands of the job. At lunch, both men took a one-half hour lunch break. After lunch, the decedent returned to work loading the chunks of pavement into the wheelbarrow, while the supervisor left for ten minutes. Upon his return the supervisor found decedent unconscious on the ground. The decedent was taken to a hospital where the emergency physician pronounced him dead as a result of a cardiac arrest.

Prior to his employment with Beaudoin Construction Company, decedent had been unemployed for a period of three months during which time decedent's only physical labor consisted of performing household chores. Medical testimony adduced at the Workmen's Compensation hearing showed that decedent had undergone significant deconditioning as a result of the three month layoff.

Prior to his death, decedent had been employed as a construction laborer for nine years. During this time, decedent performed a number of construction related tasks with varying physical demands. This pattern of employment was somewhat modified in November of 1976 when decedent learned that he had an advanced condition of coronary artery disease. After learning of his condition, decedent sought, but did not always obtain, construction tasks that were less physically demanding.

Testimony at the Workmen's Compensation hearing indicated that although the

type of labor performed by the decedent on the date of his death was not unusual in the construction industry, it was unusual for the decedent considering his age, physical condition, and recent work history.

I.

■ Injury or death resulting from a heart attack is only compensable when caused by an unusual exertion arising out of and in the course of employment. Section 8–41–108(2.5), C.R.S. 1973 (1976 Cum. Supp.). The unusual exertion referred to in § 8–41–108(2.5) does not require that the work causing the attack be different in nature from the employee's usual work. *City & County of Denver v. Industrial Commission,* 195 Colo. 431, 579 P.2d 80 (1978). That case stands for the proposition that the unusual exertion doctrine is to be applied according to the employee's work history rather than the work patterns of his profession in general.

■ Petitioners contend that in order to determine the meaning of unusual exertion, the Commission must compare the employee's normal work activities and physical demands thereof with the physical demands of the job on the day that the injury occurred. Petitioners submit that in applying the unusual exertion doctrine to the employee's work history, the Commission may not consider periods of unemployment and non-activity. Petitioners thus contend that since decedent was by profession a construction laborer, and since the work claimant performed on the date of his death did not materially differ from normal activities for a construction laborer, that, therefore, the claimant's work activities resulting in his death did not require unusual exertion. We disagree.

The dispositive question is whether the Commission may consider periods of unemployment as part of an employee's work history.

In adopting the rule in *Denver v. Industrial Commission, supra,* that the unusual exertion doctrine is to be applied according to the employee's work history, the Supreme Court rejected any standard based upon work patterns for the employee's profession in general. This was done, we conclude, in order to assure that each employee is considered as an individual. What is unusual exertion for a fifty-seven-year-old laborer with preexisting heart disease may differ significantly from what would be unusual exertion for a twenty-two-year-old laborer who is in excellent physical condition.

If the unusual exertion doctrine is to apply on an individual basis, then a baseline level of fitness of the individual must be determined before a trier of fact can decide what constitutes unusual exertion for that particular individual. This determination must necessarily include consideration of periods of unemployment and consequent deconditioning. For these reasons, we hold that the Commission properly considered decedent's recent unemployment as part of his work history.

II.

■ Petitioners also contend that the Commission erred in allowing claimant's physician to testify as an expert in the field of cardiology because the witness was not 'board certified' in cardiology. We disagree.

Evidence disclosed that the witness was a licensed physician in the State of Colorado, that he was in the process of completing a cardiology fellowship, and that he had extensive experience treating patients for heart related ailments.

■ Rulings on qualifications of an expert witness and the admission of opinion evidence by an expert are within the sound discretion of the hearing officer. *White v. Director of Division of Labor,* 30 Colo.App. 393, 493 P.2d 676 (1972). We find no error in the conclusion of the hearing officer that claimant's physician was qualified to testify as an expert in the field of cardiology.

III.

Finally, petitioners contend that the Commission erred in basing its decision

upon medical testimony that was not couched in terms of reasonable medical probability. For this reason, petitioners contend that the Commission's ruling is unsupported by the evidence. We disagree.

■ Evidence in a Workmen's Compensation proceeding must establish a reasonable causal connection between the accident and injury, but need not establish it with reasonable "medical" certainty. *Ringsby Truck Lines, Inc. v. Industrial Commission*, 30 Colo.App. 224, 491 P.2d 106 (1971).

■ Here, upon substantial evidence, the Commission concluded that there was a reasonable probability that the decedent's heart attack was caused by the labor performed on the date of his death. Claimant's medical expert testified that cardiac arrest occurring subsequent to the stress of hard physical labor established the causal connection between the accident and the aggravation of the preexisting coronary condition.

■ When the evidence as a whole, together with the reasonable inferences drawn therefrom, is sufficient to substantiate the Commission's conclusion that there is a causal connection between the accident and the injury, it makes no difference that the precise medical causes of the injury remain in doubt. *See Industrial Commission v. Royal Indemnity Co.*, 124 Colo. 210, 236 P.2d 293 (1951). The Commission's findings, being supported by the record, and its conclusions, being properly based upon those findings, will not be disturbed by this Court. *Martin v. Industrial Commission*, Colo.App., 608 P.2d 366 (1980).

We have considered the petitioners' other assertions of error and find them to be without merit.

Order affirmed.

BERMAN, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

I respectfully dissent.

The hearing officer found that the work being performed by decedent when he suffered his heart attack "was average work for a laborer and not significantly more demanding that the laboring work which the deceased had been accustomed to doing on previous jobs." However, the officer found the exertion involved in decedent's work to be unusual overexertion "in that it immediately followed a period of two and one-half to three months of cessation from the decedent's normal work activities with a consequent deconditioning of his body." These findings were approved by the Industrial Commission.

The majority opinion here affirms the Commission, finding that the focus in determining overexertion is an individual's level of fitness, with consideration given to periods of unemployment and consequent deconditioning. I disagree.

A finding of overexertion must be supported by proof "that decedent's exertion was more than the exertion attendant upon the discharge of the normal and usual duties of the decedent" in his employment. *Blood v. Industrial Commission*, 165 Colo. 532, 440 P.2d 775 (1968); *see Evans v. City & County of Denver*, 165 Colo. 311, 438 P.2d 698 (1968); *Baca County School District No. RE–6 v. Brown*, 156 Colo. 562, 400 P.2d 663 (1965); *Industrial Commission v. International Minerals & Chemical Corp.*, 132 Colo. 256, 287 P.2d 275 (1955). And, whether an employee's actions constitute unusual or extraordinary overexertion depends on "the employee's work history rather than the work patterns of his profession in general." *City & County of Denver v. Industrial Commission*, 195 Colo. 431, 579 P.2d 80 (1978).

The above cases, when examined in composite, indicate that the proper focus in determining overexertion is on the duties being performed by the employee at the time of his heart attack, as compared with the normal and usual duties performed by him in his employment. In those cases where overexertion was found, the employee had been engaged in duties in excess of his normal and usual duties, and the excess involved increased exertion. *See City and*

*County of Denver v. Industrial Commission, supra; Baca County School District No. RE–6 v. Brown, supra.* Conversely, in those cases where no overexertion was found, the employee was performing consistent with his normal and usual duties or was performing work which did not subject him to more exertion than his normal and usual duties. *See Blood v. Industrial Commission, supra; Evans v. City and County of Denver, supra; Industrial Commission v. International Minerals & Chemicals Corp., supra.* In fact, both in cases denying recovery, and in those allowing recovery, the focus was on the activities being performed, not the physical condition of the employee, despite the fact that the various employees had suffered previous heart attacks, had chronic heart disease, or had chronic lung disease.

Accordingly, when determining overexertion by examining the employee's work history, periods of unemployment and consequent deconditioning should not be considered. Obviously, more exertion would be required when resuming normal work activities after a period of minimal exertion during unemployment. By adopting the majority's position, the test becomes too subjective. Carried to the extreme, all heart attacks could become compensable if they occurred following an employee's vacation, illness, or even a weekend of rest and relaxation.

Here, in considering this employee's work history, the hearing officer concluded that the work he was performing was "not significantly more demanding than the laboring work which the deceased had been accustomed to doing on previous jobs." This finding precludes a finding of overexertion.

That an employee suffers a chronic disease or has been unemployed and is out of condition does not make performance of his normal and usual duties an unusual overexertion. Here, decedent's death was the result of normal exertion superimposed upon his heart condition and lack of condition. "It may be accepted as true that some exertion probably hastened the death; however, there is exertion in all forms of manu-

al labor and the requirements of law in such cases are that there must be more than mere exertion...." *Industrial Commission v. International Minerals & Chemical Corp., supra.*

I would set aside the order.