**TOWNLEY HARDWARE COMPANY, and Royal Globe Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF COLORADO, Charles McGrath, as Director of the Division of Labor, and Larry D. Hunter, Respondents.**

No. 81CA0305.

Colorado Court of Appeals, Div. I.

Nov. 12, 1981.

Weller, Friedrich, Hickisch & Hazlitt, Arthur H. Downey, Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of Colo. and Charles McGrath.

Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, for respondent Larry D. Hunter.

ENOCH, Chief Judge.

Townley Hardware Company and Royal Globe Insurance Company, petitioners, seek review of a final order of the Industrial Commission which granted Larry Dean Hunter, respondent, medical benefits and temporary total benefits upon finding that he suffered a heart attack which was proximately caused by unusual exertion arising out of and within the course of his employment by Townley Hardware Company. We affirm.

Claimant suffered an acute myocardial infarction in February 1978, followed by cardiopulmonary arrest and cerebral anoxia. The latter caused severe brain damage, and claimant was unable to recall what occurred at the time of his heart attack, or anything about his work during the preceding week.

The heart attack occurred while claimant, a route driver for the employer, was unloading an order at a lumber company. A witness stated that claimant arrived sometime after 11:00 a. m., as he customarily did, and complained that he felt tired and that his left arm and shoulder hurt. The witness, after taking the first load into the store, returned to find claimant collapsed in the back of the truck.

Claimant's normal work schedule was Tuesday through Friday, 9½ hours per day,

with some minimal overtime. His wife testified that in January and February 1978, he was working unusually long hours. He left for work earlier than he normally did which was around 6:00 a. m., and returned around 8:30 or 9:00 p. m., whereas he normally returned home around 6:00 p. m.

The company's records reflected that during most of January and February claimant worked Mondays and that during the two weeks preceding his heart attack he worked Saturdays as well, working a total of 118.25 hours. An officer of the employer stated that claimant spent the bulk of this overtime performing carpentry and other tasks in a warehouse into which the company was moving.

Claimant's wife described her husband as being in good health prior to the heart attack. However, she testified that he was tired during this period of unusual work and did not play with his children or work around the house as he customarily did. She stated that the night before his heart attack he was extremely tired.

Claimant's examining physician testified that based on his physical examination of claimant, medical records, and the wife's statements, it was his opinion that the heart attack was precipitated, at least in part, by the unusual hours he had worked. The doctor stated claimant probably had a pre-existing heart condition known as atherosclerosis which was aggravated by the unusual amount of hours worked, the end result of which was the heart attack. It was also his opinion that claimant was totally disabled at the time he was examined because of the neurological problems caused by the heart attack.

Based on the testimony summarized above, the referee found in the supplemental order that the heart attack was precipitated by physical strain on the job, and that claimant's long hours on the job constituted "unusual exertion" as required by § 8–41–108(2.5), C.R.S.1973 (1980 Cum.Supp.).

■ Petitioners argue that evidence of unusual *physical* exertion alone is insufficient to support an award. They cite *City & County of Denver v. Industrial Commission*, 195 Colo. 431, 579 P.2d 80 (1978), which held that "evidence of job stress, *e.g.*, physical strain accompanied by emotional or mental tension," would be sufficient to support an award for a heart attack under § 8–41–108(2), C.R.S.1973. This language describes the facts presented in that case, and does not foreclose recovery where there is no evidence that emotional or mental tension accompanied the increased stress. *See Beaudoin Construction Co. v. Industrial Commission*, Colo.App., 626 P.2d 711 (1980).

■ Petitioners further contend that the claimant's overtime work was not unusual exertion because he would have engaged in the same type of carpentry work at home, and exerted himself to the same extent, even if he had not been employed. We disagree.

Claimant's work activities near the time of the heart attack must be compared to his normal *work* activities to determine if the former were unusual. *City & County of Denver v. Industrial Commission, supra.* The evidence must establish a causal connection between the unusual exertion and the heart attack with reasonable probability, but it need not establish it with reasonable "medical" certainty. *See Ringsby Truck Lines, Inc. v. Industrial Commission*, 30 Colo.App. 224, 491 P.2d 106 (1971).

■ Here, the Commission found on supporting evidence that the hours which claimant worked during the weeks prior to his heart attack were longer hours than usual for him, he was uncharacteristically tired, his work involved unusual physical strain, and there was a reasonable probability that this unusual exertion proximately caused his heart attack. "The Commission's findings, being supported by the record, and its conclusions, being properly based upon those findings, will not be disturbed by this court." *Beaudoin Construction Co., supra.*

Order affirmed.

PIERCE and SMITH, JJ., concur.