**Georgia Alice MOE, Claimant in the Death of William T. Moe, II, (Deceased), Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of Colorado; the Director, Division of Labor, Department of Labor and Employment, State of Colorado; Ronald W. Thomson, and Mary B. Thomson, Respondents.**

No. 86CA0329.

Colorado Court of Appeals, Div. III.

Dec. 11, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Moe) March 16, 1987.

William Nowland, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. and Director, Div. of Labor.

Clawson, Potter & Gardner, P.C., Kimball Gardner, Millen C. Clawson, Colorado Springs, for respondents Ronald W. Thomson and Mary B. Thomson.

METZGER, Judge.

Georgia Alice Moe (claimant) seeks review of a final order of the Industrial Commission which determined that she was not entitled to dependency workmen's compensation benefits because her husband, William T. Moe II (Moe), was not an employee as defined by § 8–41–106(1)(b), C.R.S. (1986 Repl. Vol. 3B). We affirm.

Moe entered into a contract with Ronald W. Thomson to demolish a vacant residence on property owned by Thomson. Thomson paid Moe $400 for the work. On March 29, 1983, while in the course of demolishing the building, Moe sustained fatal injuries. Thomson did not carry workmen's compensation insurance.

At the time of Moe's injury, Thomson was retired; however, he worked part-time as a maintenance worker. Thomson also rented part of the land on which the injuries occurred for mobile home use. Thomson did not employ any other workers and entered into this contract with Moe on a one-time basis.

Moe's regular occupation was refrigerator repair; he did not do demolition work regularly. He had no one assisting him in his performance of the contract.

The Industrial Commission found that Moe's employment with Thomson was on a casual basis and not within the usual course of Thomson's trade, business, occupation, or profession. Therefore, the Commission concluded that Moe was not an employee as defined by § 8–41–106(1)(b), C.R.S. (1986 Repl. Vol. 3B), and claimant's request for dependency benefits was denied.

Claimant asserts that the Commission erred in declining to award benefits under § 8–48–102(1), C.R.S. (1986 Repl. Vol. 3B), contending that Thomson was a statutory employer pursuant to that section. We agree with the Commission.

Section 8–48–102(1) C.R.S. (1986 Repl. Vol. 3B), as in effect at the time of Moe's death, provides in pertinent part:

"Every person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed to be an employer under the terms of articles 40 to 54 of this title."

This statute requires that the contractor, subcontractor, or person who enters into a contract pertaining to real property or improvements thereon must hire or use employees in the doing of such work in order for the owner of the property to be deemed to be an employer. Thus, in order to be an employer under this statute, the

owner must have contracted with a contractor, subcontractor, or person who, in turn, must hire or use employees in the doing of the contracted work.

■ Claimant presented no evidence that Moe hired or used any other workers to demolish the building. Thus, Thomson cannot be deemed to be a statutory employer under this provision, and the Commission properly denied claimant's request for benefits.

The order is affirmed.

VAN CISE and BABCOCK, JJ., concur.