Lyle E. BETTS, Plaintiff–Appellant,

v.

Les KEMPERS, Defendant–Appellee.

No. 86CA0920.

Colorado Court of Appeals,
Div. III.

Sept. 17, 1987.

Richard L. Kalamaya, P.C., Richard L. Kalamaya, Longmont, for plaintiff-appellant.

Anderson, Campbell and Laugesen, P.C., Robert L. McGahey, Jr., Denver, for defendant-appellee.

CRISWELL, Judge.

Plaintiff, Lyle E. Betts, appeals the summary judgment entered against him in his suit against defendant for personal injuries incurred while he was engaged in construction work on premises owned by defendant. The trial court concluded that plaintiff's suit was barred by the provisions of Colorado's Workmen's Compensation Act (the Act). We agree and affirm.

Defendant owned real property upon which he desired to build a residence for himself. Rather than engaging a general contractor to construct the residence, defendant contracted directly with various firms which, if there had been a general contractor, would have been considered to be subcontractors. One of these firms, which was engaged by defendant to install drywall in the residence, employed plaintiff as a part of its regular work force.

Plaintiff was injured while working on defendant's premises and collected workmen's compensation benefits from his employer. Defendant's homeowner insurance policy also contained provisions insuring defendant against any workmen's compensation liability for which he might become "legally obligated" to pay, but no payment under that coverage was made to plaintiff because defendant's contractor provided such coverage.

After plaintiff instituted this suit against defendant, the district court granted defendant's motion for summary judgment because it concluded, *inter alia*, that defendant was plaintiff's statutory employer under § 8–48–102, C.R.S. (1986 Repl.Vol. 3B) and, thus, was immune from suit by reason of § 8–42–102, C.R.S. (1986 Repl. Vol. 3B).

Section 8–42–102 provides that an employer who has complied with the provisions of the Act shall not be subject to "any other liability for the death of or personal injury to any employee." This statute, however, does not set forth any tests for determining whether a party is an employer under the Act; it merely applies to a party that, under other provisions of the Act, has "attained the status of an employer." *See Great Western Sugar Co. v. Erbes*, 148 Colo. 566, 367 P.2d 329 (1961).

There are at least two categories of "statutory employers" that the Act recog-

nizes. One of these classes of statutory employers is created by § 8–48–102(1), C.R.S. (1986 Repl.Vol. 3B), which provides that an owner of real property, who contracts to have "any work done on and to said property," is to be considered the employer of the contractor and of his employees. However, exempted from this provision is:

"the owner of a *private home* who contracts out any work done to or about said home...." (emphasis supplied)

Thus, if the work being performed at the time of plaintiff's injuries is considered as being done "to or about" a "private home," defendant fell within this exception to § 8–48–102(1), and he would not be considered to be a statutory employer. If, on the other hand, the structure cannot be considered to be a private home, defendant must be deemed to have been plaintiff's statutory employer and immune from suit under § 8–42–102. We conclude that the uncompleted structure was not a private home under the statute.

At the same time that § 8–48–102 was amended to create the exemption of the owner of a private home from the concept of statutory employer designated by that statute, § 8–41–105(4.5) was also added to the Act. *See* Colo.Sess.Laws 1983, ch. 75 at 408. This latter statute provides that employees engaged in domestic work in, or engaged in work involving maintenance, repair, or remodeling of, a "private home" are not covered by the Act.

We deem it significant that, in adopting these two statutes, the General Assembly chose the word "home," rather than some less limiting term. While this term, when used in legislation, may carry varying meanings, *see Alexander v. Neal,* 364 Mich. 485, 110 N.W.2d 797 (1961), substantially all of its more common meanings carry with them the concept of a residence at which persons live. *See Black's Law Dictionary* 866 (rev. 4th ed. 1968).

Use of this term leads us to conclude that the legislative intent was to limit the structures to which the statutes refer to those which are inhabited, or capable of being inhabited. The term was not intended to include substantially uncompleted structures which cannot, as yet, serve as dwellings. *See Scott v. Workers Compensation Appeals Board,* 122 Cal.App.3d 979, 176 Cal.Rptr. 267 (1981) (a "residential dwelling" for purposes of employer status "contemplates a completed dwelling or at least a building sufficiently completed to be occupied as a residence"); *Crain v. State,* 53 Tex.Cr.R. 617, 111 S.W. 150 (1908) (structure which was substantially completed and into which a family moved on the day following incident was a "private home" for purpose of conviction of misdemeanor).

Thus, the trial court properly concluded that the partially completed structure involved here was not a private home and that defendant was, therefore, an employer against whom plaintiff could not maintain a court action.

Judgment affirmed.

KELLY and TURSI, JJ., concur.