**Eugene R. MORRISON, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Trailways, Inc. and Liberty Mutual Insurance Company, Respondents.**

**No. 87CA1471.**

Colorado Court of Appeals,
Div. 1.

April 21, 1988.

Hughes, Pelz, Clikeman & Marcucci, P.C., Harlan P. Pelz, Charles E. Stuart, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Cordova, DeMoulin, Harris & Mellon, P.C., Michael A. Perales, Denver, for respondents Trailways, Inc. and Liberty Mut. Ins. Co.

PIERCE, Judge.

Eugene R. Morrison (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied his claim for workmen's compensation benefits. We affirm.

Claimant, a bus driver, was driving his route from Denver to McCook, Nebraska, when he suddenly lost vision in his right eye. He administered eye drops without relief. Upon arriving in McCook, he could not locate an opthamologist. Claimant returned to Denver the next day and consulted a physician. The doctor could not restore claimant's vision and opined that the chances of restoration were slim. He further stated that claimant's condition required treatment within 5–10 minutes after it occurred and certainly sooner than 24 hours. However, he also stated that even in the event of immediate treatment, the prognosis for recovery would not be "good."

The hearing officer applied a "positional risk" analysis in concluding that claimant's injury arose out of his employment. He found that because claimant's employment positioned him where he could not seek immediate medical treatment, the injury was caused by the employment. See generally *Aetna Life Insurance Co. v. Industrial Commission*, 81 Colo. 233, 254 P. 995 (1927) (defining positional risk doctrine), *Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984).

The Panel set aside the hearing officer's order. It concluded that the positional risk analysis failed under these facts because the physician's opinion did not establish with reasonable probability that "but for" the conditions of employment, the injury would not have occurred.

Claimant contends that he was not required to establish causation with reasonable medical certainty. He argues that a medical opinion which established that, with immediate attention, his eyesight might possibly have been saved is sufficient to establish liability. We disagree.

It is true that claimant was not required to establish causation with reasonable medical certainty. *Ringsby Truck Lines, Inc. v. Industrial Commission*, 30 Colo. App. 224, 491 P.2d 106 (1971). Nonetheless, the evidence must have established causation within reasonable probability. See *Townley Hardware Co. v. Industrial Commission*, 636 P.2d 1341 (Colo.App. 1981).

Here, the physician opined only that claimant's chances for full or partial recovery had been decreased by the delay in treatment. However, his testimony cannot be fairly construed to conclude that, within reasonable probability, "but for" the employment, claimant would have fully or partially recovered.

Contrary to claimant's contention, he is not entitled to benefits merely because the employment impeded his opportunity to seek treatment. Rather, the diminished opportunity for treatment must, within reasonable probability, have caused or aggravated claimant's condition.

We need not address claimant's contention that the "special risk" or "increased risk" theory of liability is applicable. Even if we assume that the nature of his employment created a special risk of inaccessible medical treatment, claimant has not shown that this risk aggravated his idiopathic injury. See A. Larson, Workmen's Compensation Law §§ 12.00 & 12.21 (1985).

The order is affirmed.

TURSI and PLANK, JJ., concur.