**John ENGLISH, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Sergio Bolanos and/or Maria Elena Zarate Bolanos, and State Farm Fire and Casualty Company, Respondents.**

**No. 87CA1864.**

Colorado Court of Appeals, Div. IV.

Oct. 13, 1988.

Paul Conaway, P.C., Paul Conaway, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela Lujan, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office of the State of Colo.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for respondents Sergio Bolanos and/or Maria Elena Zarate Bolanos and State Farm Fire and Cas. Co.

HUME, Judge.

John English (claimant) contests the final order of the Industrial Claim Appeals Office (Panel) which held that Sergio and Maria Elena Zarate Bolanos (respondents) were not claimant's statutory employers. We affirm.

Claimant, an independent contractor, was injured while washing the windows of a home in Vail titled in the name of Maria Elena Zarate Bolanos. Sergio Bolanos is Maria's husband.

At the time of the injury, the home had been newly constructed, and claimant was making final touches in preparation for an "open house." Claimant did not hire or use additional workers to assist him on this job.

Respondents first moved into the home seventeen days after claimant's injury. Respondents' primary residence was in Mexico; however, since completion of the Vail home, respondents have spent four to five months of each year in that home. The Vail home is never rented or used for business purposes, and when respondents do not occupy it, it remains vacant.

Respondents also own or have an interest in six other residential properties in the Vail–Beaver Creek area. The other properties are used for houseguests, relatives, and employees of respondents.

Claimant seeks workmen's compensation benefits from respondents pursuant to § 8–48–101(1), C.R.S. (1986 Repl.Vol. 3B) or § 8–48–102(1), C.R.S. (1986 Repl.Vol. 3B). The Administrative Law Judge (ALJ) and Panel found that recovery should not be allowed under either statute, and we agree.

### I.

Section 8–48–102(1) does not confer statutory employer status on respondents because private homeowners who contract out work to be done on their private homes are exempted. We hold that respondents fall within this classification.

Claimant argues that respondents do not qualify as private homeowners because their primary residence is in Mexico, they are citizens of Mexico, and they use the property less than six months out of the year. We disagree.

The statute does not require that a private home be the primary residence of the owner or that the owner be a citizen of, or domiciled in, the locale of the property. The statute also does not impose a minimum usage time of the property to qualify it as a private home. We will not interject these requirements into the statute.

Contrary to claimant's argument, there is substantial evidence to support the Panel's finding that the home was intended for use as a residence rather than as a business enterprise. Hence, that finding is binding on review. *Ringsby Truck Lines, Inc. v. Industrial Commission*, 30 Colo. App. 224, 491 P.2d 106 (1971).

### II.

We are not persuaded by claimant's argument that the property was not a private home because it was still under construction. In *Betts v. Kempers*, 745 P.2d 283 (Colo.App.1987), we held that "private home," within the purview of § 8–48–102(1), means a residential structure which is inhabited or capable of being inhabited. The record supports the finding of the ALJ and the Panel that although minor finishing touches were being completed at the time of claimant's injury, the home was capable of being inhabited.

We see no need under these facts to specify the criteria for determining whether a home is capable of being inhabited. Resolution of this issue must be decided on a case by case basis. In *Betts*, the structure was *not substantially completed* and capable of being inhabited, while here, the evidence is sufficient to support a finding to the contrary.

We also find it unnecessary to define further the term "private home." We note that all of the criteria claimant argues are necessary are indeed present here: The owner of the structure is Maria Bolanos, an individual, and not a corporation; the structure is used as a residence and not as a rental or for other business purposes; the landowner intended to and subsequently actually did occupy the structure as a resi-

dence. We reject claimant's argument that a private home is not a home *until* it is *actually* occupied. We considered and rejected that standard in *Betts v. Kempers, supra,* and we are not persuaded that the *Betts* standard should not be followed here.

We specifically reject claimant's argument that since the home is not respondents' primary residence, it is held only for investment and, hence, is business property. Therefore, we conclude that § 8–48–101(1) does not apply here.

### III.

However, even if we were to rule that the home was not a private home, or that respondents were not private homeowners, claimant could not recover workmen's compensation benefits pursuant to § 8–48–102(1). In *Moe v. Industrial Commission,* 734 P.2d 661 (Colo.App.1986), we held that § 8–48–102(1) did not impose statutory employer status on a property owner unless the contractor in turn hires or uses employees to carry out the job. Here, since it is undisputed that claimant did not use workers other than himself to wash the windows, respondents are not statutory employers under this section.

We reject claimant's arguments that *Moe* was erroneously decided or is inapplicable here. The plain language of the statute requires that additional workers be used to render the property owner liable. *Cf.* § 8–48–101(1) (one contracting out part of his business to another "irrespective of number of employees engaged" shall be considered to be an employer).

Nor are we persuaded that our decision in *Moe* is inapplicable here, because of differing facts. Even conceding that in *Moe* the claimant was hired under different circumstances than those appearing here, those differing factors are not determinative of claimant's status and eligibility for benefits under § 8–48–102(1). The fact that English sometimes did employ others to do similar work does not meet the statutory requirement that the contractor must hire or use employees in doing work "on and to" the owner's real property in order for the owner to be a statutory employer.

*See* § 8–48–102(1), C.R.S. (1987 Cum. Supp.).

Claimant also argues that our holding in *Moe* creates an irrational classification and, therefore, denies him equal protection of the law. Again, we disagree.

The classifications of the statute have been specifically held to be constitutionally rational by our supreme court. *See Lancaster v. C.F. & I. Steel Corp.,* 190 Colo. 463, 548 P.2d 914 (1976); *O'Quinn v. Walt Disney Productions, Inc.,* 177 Colo. 190, 493 P.2d 344 (1972). The fact that not all classes of persons who might be in need of coverage are included does not constitute an equal protection violation. "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because ... in practice, it results in some inequality." *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982) quoting *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

The purpose of this legislation is to make the statutory employer ultimately responsible for workmen's compensation benefits for injuries to employees of uninsured contractors and subcontractors. *See Finlay v. Storage Technology Corp.,* 733 P.2d 322 (Colo.App.1986). The statute as framed is rationally related to this objective, and we cannot say that the fact that singular workers are not also protected makes the statute infirm. The omission of singular workers from the statute is indicative that the General Assembly believed that the case of one worker who fails to protect himself is not as potentially catastrophic to the interests of societal welfare as the case of multiple workers whose employers have been irresponsible.

THE ORDER IS AFFIRMED.

BABCOCK and NEY, JJ., concur.