Sharron J. HEWGLEY, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE of COLORADO; John Kezer, Director—Division of Labor; Regional Transportation District, Metro Division; and State Compensation Fund, Respondents.

No. 81CA1045.

Colorado Court of Appeals,
Division 2.

Sept. 30, 1982.

Rehearing Denied Nov. 4, 1982.

Certiorari Denied Feb. 7, 1983.

E. Rick Watrous & Associates, R. Gary Marschhausen, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Alice Lo-Raine Parker, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Sharron J. Hewgley seeks review of an Industrial Commission decision which struck Hewgley's petition for review based on her failure to receive timely approval of an extension for filing the transcript. We set aside the order.

On May 1, 1979, Hewgley filed a claim for compensation with the Division of Labor against the Regional Transportation District. The referee entered his final order on June 25, 1980. Hewgley filed a timely petition for review of the referee's decision on July 10, 1980, as is required by § 8–53–106(3), C.R.S.1973.

On August 8, 1980, Hewgley filed a Motion for an extension of time in which to file the transcript. The deadline for filing the transcript was August 11, 1980; on August 13, 1980, the Commission denied the motion.

On July 27, 1981, the Commission entered an order striking Hewgley's petition for review on the basis of lack of jurisdiction. The Commission stated that Hewgley had failed to comply with § 8–53–106(3), C.R.S. 1973, because her motion for extension of time was not granted within the thirty days required by statute. Hewgley seeks review of that ruling here.

The statutory provision at issue, § 8–53–106(3), C.R.S.1973, states that the transcript:

"must be filed within thirty days after the filing of the petition for review, unless further time is granted by the referee, director, or the commission within said 30 days."

The Commission's position is that the above section requires that a motion for extension must be both requested *and* granted within the 30-day period. Petition-er argues that such construction is inappropriate because timely grant of extensions is out of the petitioner's control. She points out that even if a petitioner complies with every filing deadline, the petition may be stricken because of inaction on the Commission's part. We agree.

*City & County of Denver v. Phillips,* 166 Colo. 312, 443 P.2d 379 (1968) is dispositive here. There, the Supreme Court held that where a workmen's compensation claimant had requested an extension within the statutory period, he did not lose his right to review simply because the Commission did not actually grant his request until several days after the time had expired. We recognize that the *Phillips* court was construing the language of an earlier version of the statute here at issue; however, the language of that statute does not differ in any significant way from the language of the present section. Thus, we find the *Phillips* case to be controlling.

The Order is set aside and the cause is remanded to the Commission for additional proceedings consistent with this opinion.

PIERCE and STERNBERG, JJ., concur.